The STATE of Texas and the Texas Department of Transportation, Petitioners,

v.

George LUECK, Respondent.

No. 06–1034.

Supreme Court of Texas.

Argued Nov. 12, 2008.

Decided June 26, 2009.

Rehearing Denied Aug. 28, 2009.

Walter C. Brocato, Office of Attorney General, Kristina Weber Silcocks, Office of the Attorney General, Greg W. Abbott, Attorney General of Texas, Kent C. Sullivan, First Assistant Attorney General, Edward D. Burbach, Gardere Wynne Sewell LLP, Rafael Edward Cruz, Office of Attorney General, David S. Morales, Office of the Attorney General, Austin, TX, Ryan D. Clinton, Hankinson Levinger, Dallas, TX, for Petitioner.

Gregory C. Douglass, Gregory C. Douglass, P.C., Austin, TX, for Respondent.

Justice GREEN delivered the opinion of the Court.

Under the Texas Whistleblower Act, sovereign immunity is waived when a public employee alleges a violation of Chapter 554 of the Government Code. TEX. GOV'T CODE § 554.0035. A violation under Chapter 554 occurs when a governmental entity retaliates against a public employee for making a good-faith report of a violation of law to an appropriate law enforcement authority. *Id.* § 554.002(a). George Lueck was fired from the Texas Department of Transportation (TxDOT) after he sent an e-mail to the director of the Transportation Planning and Programming Division, reporting what he believed to be violations of state and federal law. Lueck then sued the State of Texas and TxDOT under the Whistleblower Act, alleging that he "was fired because of his good faith reports of TxDOT's violation of state and federal law." We hold that, because Lueck's e-mail report only warned of regulatory noncompliance, not a violation of law, and because an agency supervisor is not an appropriate law enforcement authority to whom a report should be made, Lueck's allegation affirmatively negates the court's subject-matter jurisdiction over the cause. The State's sovereign immunity is not waived, and thus, we reverse the court of appeals' judgment and dismiss the case for lack of subject-matter jurisdiction.

I

A 1995 Federal Highway Administration report concluded that Texas's system for collecting, analyzing, and reporting traffic data violated federal standards. In 1999, the State contracted with a private vendor, Cooper Consulting Company, to upgrade TxDOT's computers and develop software for a replacement system, called the Statewide Traffic Analysis and Reporting System ("STARS"). As the Assistant Director of TxDOT's Traffic Analysis Section, Lueck was responsible for the daily management of the STARS program. Three years into the implementation project, the state auditor began investigating a Cooper invoice that was left undisputed by TxDOT, charging the State $350,783. The charge was initially described by Cooper as both a contingency fee and a "Project Work Plan," but the vice president for Cooper later admitted that a "Project Work Plan" was worth no more than $75,000. TxDOT then requested a cost breakdown of the charge, which Cooper ultimately characterized as "payment smoothing."

Later, James Randall, the Director of the Transportation Planning and Programming Division at TxDOT, suspended all work on the STARS project, and advised Cooper that the State would no longer pay for work that was not previously approved by TxDOT. Cooper's lawyers then sent a demand letter, notifying TxDOT that Cooper would terminate its contract if the state failed to pay the disputed charge within thirty days. A day after the letter was sent, Lueck sent Randall an e-mail entitled "STARS Contract." In the e-mail, Lueck informed Randall that the Traffic Division urged "an immediate positive response and resolution" of Cooper's demand letter. In numbered format, he outlined five reasons why he believed TxDOT should resolve the dispute with Cooper, rather than cancel the contract. The e-mail warned that without the STARS system, TxDOT "is not capable of handling this data and will, therefore, never be in compliance." Lueck recommended that Randall have the e-mail "readily available" when discussing the implications of the Cooper demand letter with the TxDOT Administration and Contract Services Division. Thereafter, TxDOT informed Cooper that it would not pay the payment smoothing charge and accepted termination of Cooper's contract. TxDOT then fired Lueck on the basis that Lueck's attempt to justify the $350,783 charge, despite his knowledge that the charge was only worth a fraction of that cost, evidenced his own negligence and lack of trustworthiness.

 Lueck sued the State and TxDOT (collectively, TxDOT) under the Whistleblower Act, alleging that his e-mail to Randall constituted a report of a violation of law to an appropriate law enforcement authority because it reported that the Department would violate federal and state law if TxDOT did not resolve the dispute with Cooper. The e-mail report, which was attached to Lueck's pleadings, specifically warned that, without the STARS program, TxDOT's existing software was "not capable of handling th[e] data and will, therefore, never be in compliance." TxDOT filed a plea to the jurisdiction, claiming that its immunity was not waived because Lueck did not make a good-faith report of a violation of law to an appropriate law enforcement authority, as required by section 554.002(a) of the Whistleblower Act. Lueck filed a second amended special exceptions and motion to dismiss the plea to the jurisdiction, arguing that his allega-

tions, alone, satisfied the unambiguous language of the Act's immunity statute. *See* Tex. Gov't Code § 554.0035. In response, TxDOT argued that Lueck's pleadings affirmatively demonstrated that he did not allege a violation under the Act because the e-mail he sent did not report an actual violation of the law, and his supervisor to whom he sent the e-mail report was not a law enforcement authority. TxDOT claimed it was at least entitled to a hearing on its plea to the jurisdiction because the court must consider relevant evidence when necessary to resolve jurisdictional issues. The trial court granted Lueck's motion to dismiss TxDOT's plea to the jurisdiction, and TxDOT appealed. *See* Tex. Civ. Prac. & Rem.Code § 51.014(a)(8) (permitting appeal from interlocutory order that denies a plea to the jurisdiction by a governmental unit). The court of appeals affirmed, reasoning that "Lueck's pleadings affirmatively demonstrate the district court's jurisdiction to hear the case." 212 S.W.3d 630, 638. We disagree. A "violation under the Act" under section 554.0035 is not alleged if the pleadings affirmatively demonstrate that the plaintiff did not make good-faith report of a violation of law to an appropriate law enforcement authority. *See* Tex. Gov't Code § 554.002(a). Lueck's pleadings affirmatively negate the trial court's subject-matter jurisdiction because he did not report a violation of law, and his supervisor is not a "law enforcement authority." *Id.*

## II

■ The State and other state agencies like TxDOT are immune from suit and liability in Texas unless the Legislature expressly waives sovereign immunity. *Tex. Dep't of Transp. v. City of Sunset Valley*, 146 S.W.3d 637, 641 (Tex.2004); *see also* Tex. Gov't Code § 311.034 ("[A]

statute shall not be construed as a waiver of sovereign immunity unless the waiver is effected by clear and unambiguous language."). A statute waives immunity from suit, immunity from liability, or both. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex.2004); *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 696–97 (Tex.2003). Immunity from suit is a jurisdictional question of whether the State has expressly consented to suit. *Taylor*, 106 S.W.3d at 696. On the other hand, immunity from liability determines whether the State has accepted liability even after it has consented to suit. *Id.* In some statutes, immunity from suit and liability are co-extensive, whereby immunity from suit is waived to the extent of liability. *See, e.g.,* Tex. Civ. Prac. & Rem.Code § 101.025(a); *Miranda*, 133 S.W.3d at 224 ("The Tort Claims Act creates a unique statutory scheme in which the two immunities are co-extensive....").

■ Sovereign immunity from suit is properly asserted when the State files a plea to the jurisdiction. *Miranda*, 133 S.W.3d at 225–26 (citing *Hosner v. DeYoung*, 1 Tex. 764, 769 (1847)). In contrast, immunity from liability is an affirmative defense that cannot be raised by a plea to the jurisdiction. *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex.1999) (per curiam). However, when the facts underlying the merits and subject-matter jurisdiction are intertwined, the State may assert sovereign immunity from suit by a plea to the jurisdiction, even when the trial court must consider evidence "necessary to resolve the jurisdictional issues raised." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex.2000); *see also, e.g., Miranda*, 133 S.W.3d at 223–24; *Tex. Dep't of Criminal Justice v. Miller*, 51 S.W.3d 583, 587 (Tex.2001). We have limited the use

of a plea to the jurisdiction in these circumstances by holding that such a plea may only be used to address jurisdictional facts. *Tex. Dep't of Criminal Justice v. Simons,* 140 S.W.3d 338, 349 (Tex.2004). Lueck, therefore, argues that *Simons* compels dismissal of this appeal because TxDOT has not appealed jurisdictional facts, but rather, facts involving the TxDOT's liability under section 554.002(a), which Lueck claims cannot be asserted by a plea to the jurisdiction. Therefore, as a threshold matter, the first issue is whether the elements of section 554.002(a) constitute jurisdictional facts that can implicate the court's subject-matter jurisdiction.

### III

The immunity provision in the Whistleblower Act states:

A public employee who alleges a violation of this chapter may sue the employing state or local governmental entity for the relief provided by this chapter. Sovereign immunity is waived and abolished to the extent of liability for the relief allowed under this chapter for a violation of this chapter.

TEX. GOV'T CODE § 554.0035. The standard for a "violation of this chapter" appears in section 554.002(a), which provides that the governmental entity "may not suspend or terminate the employment of, or take other adverse personnel action against, a public employee who in good faith reports a violation of law by the employing governmental entity or another public employee to an appropriate law enforcement authority." *Id.* § 554.002(a). Lueck maintains that section 554.002(a) contains non-jurisdictional elements that speak to the underlying merits of the claim, and therefore, cannot be considered when determining jurisdiction. Lueck argues that requiring

his pleadings, alone, to satisfy the elements of section 554.002(a) would unnecessarily compel him to prove up his case before the court assumed jurisdiction. The court of appeals agreed, and held that, while evidence pertaining to elements of section 554.002(a) "may negate [TxDOT's] liability under the Whistleblower Act, it would not, even if true, affect the district court's subject-matter jurisdiction to hear the case." 212 S.W.3d at 637–38.

■ We agree with Lueck and the court of appeals that there are but two jurisdictional requirements under section 554.0035. For the government's immunity to be waived, the plaintiff must (1) be a public employee, and (2) allege a violation *of this chapter.* TEX. GOV'T CODE § 554.0035 (emphasis added). But it necessarily follows from this language that Lueck must actually allege a violation of the Act for there to be a waiver from suit. Therefore, the elements under section 554.002(a) must be considered in order to ascertain what constitutes a violation, and whether that violation has actually been alleged. We conclude that the elements of section 554.002(a) can be considered as jurisdictional facts, when it is necessary to resolve whether a plaintiff has alleged a violation under the Act.

Lueck argues that the elements of 554.002(a) can never be considered as jurisdictional facts because we are bound to follow the plain, unambiguous language of the immunity statute, which clearly indicates that the Legislature intended to impose only two jurisdictional requirements on Lueck: that he be a public employee and that he allege a violation under the Whistleblower Act. *Id.* § 554.0035; *see also State v. Shumake,* 199 S.W.3d 279, 284 (Tex.2006) ("[W]hen possible, we discern [legislative intent] from the plain

meaning of the words chosen."). However, the second jurisdictional requirement in section 554.0035 directs the inquiry to section 554.002(a) to determine if the plaintiff has actually alleged a violation, rather than merely referenced the chapter. To hold that elements of section 554.002(a) cannot be considered as part of this inquiry would obfuscate our previous decision in *Miller*, where we held that "[m]ere reference to the ... Act does not establish the state's consent to be sued and thus is not enough to confer jurisdiction on the trial court." 51 S.W.3d at 587. In *Miranda*, we also considered elements under the Texas Recreational Use statute to determine whether immunity was waived under the Tort Claims Act. 133 S.W.3d at 225; *see also* TEX. CIV. PRAC. & REM.CODE § 101.025(a). We see no reason to depart from these decisions when the elements of section 554.002(a) are equally relevant to the jurisdictional requirement that the plaintiff actually allege a violation of the Whistleblower Act. *Compare* TEX. GOV'T CODE § 554.0035, *with* TEX. CIV. PRAC. & REM.CODE § 101.025(a).

Lueck claims that *Miranda* and *Miller* are not controlling because the Texas Tort Claims Act imposes a limited waiver of immunity, whereby immunity from suit is only waived to the extent of liability. *See Miranda*, 133 S.W.3d at 224 ("The Tort Claims Act creates a unique statutory scheme in which the two immunities are co-extensive...."). Likewise, the court of appeals declined to follow *Miranda*, finding that the immunities are co-extensive under the Tort Claims Act, but not under the Whistleblower Act. 212 S.W.3d at 637. Because of this distinction, the court of appeals found that the section 554.002(a) elements only resolve the extent of the TxDOT's liability, not the jurisdictional issue concerning the State's consent to suit.

*Id.* ("[F]acts pertaining to whether the Department may be found liable under the Whistlebower Act are neither dispositive of, nor relevant to, our jurisdictional inquiry."). TxDOT, on the other hand, argues that *Miranda* and *Miller* are dispositive because the immunity statutes under the Whistleblower Act and Tort Claims Act are substantively identical. *Compare* TEX. GOV'T CODE § 554.0035, *with* TEX. CIV. PRAC. & REM.CODE § 101.025(a). We will consider immunity statutes one-by-one to determine whether immunity has been waived.

▮▮▮ In *Wichita State Hospital v. Taylor*, we recognized that the first sentence of the Whistleblower Act waives sovereign immunity from suit. 106 S.W.3d at 697 n. 6. Although we also recognized that the second sentence waives immunity from liability, *id.* at 697 n. 5, this waiver simply limits judgments against the State to "the extent of liability for the relief allowed under this chapter for a violation of this chapter." TEX. GOV'T CODE § 554.0035. Since "[i]mmunity from liability protects the [S]tate from judgment even if the Legislature has expressly consented to the suit," *see Jones*, 8 S.W.3d at 638, this second sentence not only waives immunity from liability, but also confines the scope of the State's consent to suit that was established in the first sentence. Thus, like the Tort Claims Act, the Whistleblower Act imposes a limited waiver of immunity that allows consideration of the section 554.002(a) elements, to the extent necessary in determining whether the claim falls within the jurisdictional confines of section 554.0035.

Lueck also claims that we are precluded from considering the section 554.002(a) elements as jurisdictional facts under *Dubai Petroleum Company v. Kazi*, 12 S.W.3d 71, 76–77 (Tex.2000) (holding that statuto-

ry prerequisites to suits against a non-governmental entity were not jurisdictional). When we applied *Dubai* to a case involving statutory prerequisites to suit against governmental entities, *see Univ. of Tex. Sw. Med. Ctr. v. Loutzenhiser,* 140 S.W.3d 351, 358–59, 362 (Tex.2004), the Legislature responded by passing a statute stating that, "[S]tatutory prerequisites to suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental entity." TEX. GOV'T CODE § 311.034. This case does not fall under section 311.034 of the Government Code because the elements of section 554.002(a) are not statutory prerequisites to suit, but rather, elements of a statutory cause of action in a suit against a governmental entity.[1] The issue before us today is whether these elements of a statutory cause of action, like statutory prerequisites to suit, are requirements that can implicate the merits of the underlying claim, as well as the jurisdictional inquiry of sovereign immunity from suit as a threshold matter. We hold that the elements of section 554.002(a) can be considered to determine both jurisdiction and liability. For example, we have previously rendered take-nothing judgments against plaintiffs when they failed to prove elements of section 554.002(a). *See Montgomery County v. Park,* 246 S.W.3d 610, 612 (Tex.2007) (holding plaintiff failed to prove that the County took "adverse personnel action" against plaintiff, as required by section

554.002(a)); *Tex. Dep't of Transp. v. Needham,* 82 S.W.3d 314, 317 (Tex.2002) (holding that no evidence supported a jury finding that the plaintiff could have good-faith belief that TxDOT was an appropriate law enforcement authority); *City of Beaumont v. Bouillion,* 896 S.W.2d 143, 146 (Tex. 1995) (holding that section 554.002(a) was not satisfied because "as a matter of law, the Whistleblower Act is not implicated merely by reports made to the press"). Lueck claims that, through these decisions, we implicitly recognized that elements in section 554.002(a) cannot be considered as jurisdictional facts because these cases were decided on the merits and not dismissed for lack of subject-matter jurisdiction. However, the issue of subject matter jurisdiction was not before us in any of these cases; indeed, the State did not file a plea to the jurisdiction in *Needham* and *Bouillion.* *See Needham,* 82 S.W.3d at 317; *Bouillion,* 896 S.W.2d at 145. Likewise, in *Park,* the State filed both a plea to the jurisdiction and motion for summary judgment, then appealed the trial court's denial of the motion for summary judgment. 246 S.W.3d at 613. Similar to this case, we reversed the denial of a plea to the jurisdiction in *City of Waco v. Lopez,* holding that the plaintiff could not bring a valid claim under the Whistleblower Act because a claim under the Commission on Human Rights Act was plaintiff's "exclusive state statutory remedy." 259 S.W.3d 147, 156 (Tex.2008). By reasoning that

---

1. Lueck also argues that *Igal v. Brightstar Information Technology Group, Inc.* is controlling because we held that elements of a statutory cause of action cannot be considered jurisdictional unless "the language of the provision [or] the statutory scheme indicates" that the Legislature intended to address jurisdiction. 250 S.W.3d 78, 84 (Tex.2008). *Igal* involved the jurisdiction of an administrative agency, not subject-matter jurisdiction in a case where the State asserts a plea to the

jurisdiction, claiming that its sovereign immunity is not waived. *See id.* at 81–82. However, even if *Igal* were to control statutes waiving the State's consent to suit, both the immunity provision, section 554.0035, and the statutory scheme of the Whistleblower Act indicate that the Legislature intended for section 554.002(a) to be considered as part of the jurisdictional inquiry because section 554.0035 references a "violation of the chapter," which is found in section 554.002(a).

sovereign immunity was not waived because Lopez failed to plead the more specific elements under the Commission on Human Rights Act, we implicitly rejected the argument that simply alleging a violation under the Whistleblower Act is sufficient to confer subject-matter jurisdiction on the trial court in suits against governmental entities. *See id.*

Our holding does not mean that Lueck must prove his claim in order to satisfy the jurisdictional hurdle. Although the section 554.002(a) elements must be included within the pleadings so that the court can determine whether they sufficiently allege a violation under the Act to fall within the section 554.0035 waiver, we have urged that the burden of proof with respect to these jurisdictional facts "does not involve a significant inquiry into the substance of the claims." *Bland,* 34 S.W.3d at 554; *see also Miranda,* 133 S.W.3d at 235 ("[I]f a plea to the jurisdiction requires the trial court to wade deeply into the lawsuit's merits, it is not a valid plea.") (Jefferson, C.J., dissenting). Allowing a plaintiff's pleadings to stand on bare allegations, alone, without allowing the State to challenge plaintiff's compliance with the immunity statute, would practically eliminate the use of pleas to the jurisdiction, which we have already approved as the proper "procedural vehicle to challenge subject matter jurisdiction in trial courts for over a century and a half." *See Miranda,* 133 S.W.3d at 232. The Legislature has also approved of their use by allowing for an appeal from an interlocutory order denying or granting a plea to the jurisdiction. *See* Tex. Civ. Prac. & Rem.Code § 51.014(a)(8).

 Nor does our holding mean that the State must challenge the plaintiff's pleadings through the use of a plea to the jurisdiction. We have recognized that "[t]he absence of subject-matter jurisdiction may be raised by a plea to the jurisdiction, as well as by other procedural vehicles, such as a motion for summary judgment." *Bland,* 34 S.W.3d at 554. Lueck claims that the TxDOT should have objected to his pleadings through the use of special exceptions, and the court of appeals concluded that "a traditional or no-evidence motion for summary judgment is the proper avenue for raising [TxDOT's] concerns that its evidence would negate two essential elements of Lueck's [W]histleblower claim." 212 S.W.3d at 638 n. 4. While both of these options are available, and certainly not objectionable, we have never held that the State is precluded from challenging pleadings in a plea to the jurisdiction when it could have done so via special exceptions or motions for summary judgment. Since we disapproved of this position in *Miranda,* 133 S.W.3d at 225–26 (citing *Hosner,* 1 Tex. at 769 (1847)), we decline to make an exception for the Whistleblower Act's immunity procedure. Because we have held that the 554.002(a) elements are jurisdictional when necessary to ascertain whether plaintiff has adequately alleged a violation of the chapter, we now turn to Lueck's pleadings to consider whether they sufficiently waive the TxDOT's immunity.

IV

 "When a plea to the jurisdiction challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause." *Miranda,* 133 S.W.3d at 226; *see also Lopez,* 259 S.W.3d at 150; *Taylor,* 106 S.W.3d at 696; *Miller,* 51 S.W.3d at 587 (quoting *Tex. Ass'n of Bus. v. Tex. Air Control Bd.,* 852 S.W.2d 440, 446 (Tex.1993)). "If the pleadings

affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiffs an opportunity to amend." *Miranda,* 133 S.W.3d at 227. TxDOT argues that Lueck's pleadings do not affirmatively demonstrate jurisdiction because they are incurably defective.[2] In other words, TxDOT points to uncontroverted allegations within Lueck's pleadings, claiming that they affirmatively negate jurisdiction because the e-mail sent to Randall did not report a violation of law to an appropriate law enforcement authority. As for the report element, Lueck's pleadings affirmatively negate the existence of a reported violation. Lueck's fifth amended petition states that Lueck "believed and reported in good faith that if the Department did not pursue an immediate and positive resolution to Cooper's October 29, demand[,] the Department would violate federal and state law by failing to remedy non-compliance with the federal and state reporting requirements." This allegation merely recites Lueck's prediction of possible regulatory non-compliance. Such a regulatory non-compliance of this kind does not equate to a violation of law under which a law enforcement authority regulates or enforces within the meaning of the Whistleblower Act. *See* Tex. Gov't.Code § 554.002(b). Further, Lueck attached the e-mail report to his pleadings, and the only discernable violation in the report itself states that TxDOT's current system

for reporting traffic data "is not capable of handling this data and will, therefore, never be in compliance." This references the violation reported in the 1995 Federal Highway Administration report, which is only intended to call TxDOT's attention to a previous, publicly-known instance of regulatory non-compliance. At most, this reference to a previous violation of a federal standard expresses disagreement with remedial measures taken by TxDOT after it was already knowingly out of compliance. An internal policy recommendation of this kind is not a report of a violation of law that the Whistleblower Act was designed to protect.

■ Even if this e-mail did report a violation of law, Lueck's supervisor, Mr. Randall, is not an appropriate law enforcement authority to whom such a report should be made. As the head of a division within TxDOT, Randall could neither regulate nor enforce the law that Lueck alleged had been violated. *See* Tex. Gov't Code § 554.002(b)(1), (2) (providing that an appropriate law enforcement authority is "part of a state or local governmental entity ... that the employee in good faith believes is authorized to: regulate under or enforce the law alleged to be violated in the report or; investigate or prosecute a violation of criminal law"); *Needham,* 82 S.W.3d at 320 (holding that TxDOT was not appropriate law enforcement authority to enforce laws related to driving while

---

**2.** Lueck argues that the TxDOT waived the argument that his pleadings fail to affirmatively demonstrate jurisdiction because it was undisputed before the trial court and court of appeals that Lueck was a public employee and had alleged a violation of the Act. We disagree. In TxDOT's Reply Brief before the court of appeals, TxDOT argued that "Lueck has not alleged a violation of the Texas Whistleblower Act and has not waived the State Defendants' sovereign immunity under sec-

tion 554.0035...." TxDOT's plea to the jurisdiction before the trial court also stated that one of the problems with Lueck's allegations is that the jurisdictional facts show that Lueck did not make a good-faith report of a violation of law to an appropriate law enforcement authority. Since both of these arguments made below dispute the proper allegation of a violation, TxDOT did not waive its right to assert that the pleadings negated subject-matter jurisdiction.

intoxicated, reasoning that "the particular law the public employee reported violated is critical to the determination"). In fact, Lueck's e-mail report indicates that he knew Randall was not the proper authority within TxDOT to regulate the reported violations because he recommended that Randall have his e-mail "readily available" when discussing the implications of suspending the STARS program with other TxDOT divisions. *Cf. Needham*, 82 S.W.3d at 320–21 (holding that an employer's power to conduct internal investigative or disciplinary procedures does not satisfy standard for appropriate law enforcement authority under the Act). This conclusively establishes that Lueck could not have formed a good-faith belief that Randall was authorized to enforce such violations. *See id.* (holding that claim may fall under Whistleblower Act if employee formed a reasonable, good faith belief that report was made to an appropriate law enforcement authority, given employee's training and level of experience). Therefore, as a matter of law, Lueck's pleadings affirmatively demonstrate that he did not allege a violation under the Whistleblower Act.[3] For these reasons, we reverse the court of appeals' judgment and dismiss the cause for lack of subject-matter jurisdiction.

---

3. TxDOT also argues that the court of appeals erred in affirming the trial court's denial of its plea to the jurisdiction because the trial court abused its discretion when it declined to consider the relevant jurisdictional evidence that TxDOT intended to present at its hearing on the plea to the jurisdiction. TxDOT claimed that this evidence proved that Lueck did not allege a violation under the Act. *See Bland,* 34 S.W.3d at 554 (holding that the trial court must consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised). Because we have held that Lueck's pleadings affirmatively negate the trial court's jurisdiction as a matter of law, we need not consider whether the trial court should have considered the TxDOT's evidence at a hearing on its plea to the jurisdiction. *See Miranda,* 133 S.W.3d at 227 ("When the consideration of a trial court's subject matter jurisdiction requires the examination of evidence, the trial court exercises its discretion in deciding whether the jurisdictional determination should be made at a preliminary hearing or await a fuller development of the case. . . . ").