The **UNIVERSITY OF TEXAS SOUTH-WESTERN MEDICAL CENTER AT DALLAS, Petitioner,**

v.

**Larry M. GENTILELLO, M.D., Respondent.**

No. 08–0696.

Supreme Court of Texas.

Decided Dec. 18, 2009.

Greg W. Abbott, Attorney General of Texas, Kent C. Sullivan, David S. Morales, Bill Davis, Office of the Attorney General of Texas, Robert B. O'Keefe, General Litigation Division, Madeleine Connor, Assistant Attorney General, James C. Ho, Solicitor General of Texas, Sean D. Jordan, Assistant Solicitor General, Brantley David Starr, King & Spalding, L.L.P., Austin TX, Clarence Andrew Weber, First Assistant Attorney General, Michael W. Youtt, William Robert Burns, H. Victor Thomas, Jeremiah J. Anderson, King & Spalding, L.L.P., Houston TX, Robert F. Johnson, Cook & Franke, Milwaukee WI, Michael C. Steindorf III Fulbright & Jaworski L.L.P., Dallas TX, for Petitioner.

Charla G. Aldous, Aldous Law Firm, Diana L. Faust, R. Brent Cooper, Cooper & Scully, P.C., Jeffrey H. Rasansky, Rasansky Law Firm, Dallas TX, Cynthia Shea Goosen, Cooper & Scully P.C., Sherman TX, for Respondent.

PER CURIAM.

Dr. Larry M. Gentilello sued the University of Texas Southwestern Medical Center at Dallas under the Texas Whistleblower Act, alleging that he was demoted and stripped of two faculty chair positions for reporting violations of Medicare and Medicaid regulations to his supervisor. The Medical Center filed a plea to the jurisdiction, asserting that Gentilello's claims were barred by governmental immunity because he failed to allege a violation under the Whistleblower Act. The trial court denied the plea to the jurisdiction and the Medical Center appealed. *See* TEX. CIV. PRAC. & REM.CODE § 51.014(a)(8) (permitting appeal from an interlocutory order that denies a plea to the jurisdiction by a governmental unit). The court of appeals affirmed, holding that Gentilello need only allege a whistleblower violation, and that consideration of the elements of section 554.002(a) of the Government Code was precluded because those elements were not jurisdictional, but rather "underlying elements of a Whistleblower suit." 260 S.W.3d 221, 226. However, in *State v. Lueck*, 290 S.W.3d 876, 883 (Tex.2009), we held that "the elements of section 554.002(a) can be considered to determine both jurisdiction and liability." Accordingly, whether the reporting of violations of Medicare and Medicaid regulations to a supervisor is a good-faith report of a violation of law to an appropriate law-enforcement authority is a jurisdictional question. Therefore, without hearing oral argument, TEX.R.APP. P. 59.1, and for the reasons explained in *Lueck*, we reverse and remand to the court of appeals to determine whether, under the analysis set forth in *Lueck*, Gentilello has alleged a violation under the Act. *See* TEX. GOV'T CODE § 554.002(a).