Court of Appeals
Fourth Court of Appeals District of Texas




# MEMORANDUM OPINION

No. 04-10-00615-CV

**THE UNIVERSITY OF TEXAS AT SAN ANTONIO**,
Appellant

v.

Cathy **WELLS**,
Appellee

From the 407th Judicial District Court, Bexar County, Texas
Trial Court No. 2009-CI-10557
Honorable Janet P. Littlejohn, Judge Presiding

Opinion by:    Karen Angelini, Justice

Sitting:        Karen Angelini, Justice
               Phylis J. Speedlin, Justice
               Steven C. Hilbig, Justice

Delivered and Filed:   February 9, 2011

REVERSED AND RENDERED

This is an appeal from the denial of a plea to the jurisdiction. In two issues, the University of Texas at San Antonio ("UTSA") argues that the trial court erred in denying its plea to the jurisdiction because Cathy Wells did not plead and cannot show that (1) she made a good faith report of a violation of law, and (2) she reported a violation of law to an appropriate law enforcement agency as required by the Texas Whistleblower Act. *See* TEX. GOV'T CODE ANN. § 554.002(a) (West 2004). Because we agree that Wells did not report a violation of law to an

appropriate law enforcement agency, we reverse the trial court's order and render judgment that Wells's claims against UTSA be dismissed for lack of jurisdiction.

## BACKGROUND

According to Cathy Wells's petition, she was hired by UTSA to work in the Office of P-20 Initiatives ("P-20"). Her responsibilities included ensuring the "integrity of expenditures and personnel assignments in accordance with the legal requirements and contracts entered into" by P-20. Wells alleged in her petition that in early 2009, she discovered what "she in good faith believed to be illegal activities being carried out" by her supervisors. According to Wells, she discovered that one of her supervisors "had knowingly processed financial documents expending monies in an illegal manner" and that "invoices had been sent to and payment received from participants of the CPS Distinguished Fellows Program in amounts that exceeded the agreed contract amounts."

Wells alleged that she reported these activities to Julee Otter, Manager of Compliance, who is under the supervision of UTSA's Director of Compliance in the Office of Audit Compliance and Risk Services. She also reported these activities to Maria Perez, Management Analyst in the Office of Compliance. According to her petition, she presented Otter and Perez with "evidence of illegal activities occurring within UTSA and expressed concern that she was being forced to make false and illegal reports to the government, exposing her to criminal liability." Wells's petition alleged that she "reported the fraud in accordance with UTSA policies, directives, and training." According to her petition, Wells was told by Otter "that if the fraud she suspected was in fact occurring, the Office of Compliance would report the fraud to the police department. The Office of Compliance would conduct an internal investigation first,

report to UTSA Administration, then notify Wells of [its] findings." Wells also alleged that Otter told her that she would be protected by the Whistleblower Act.

After Wells was fired, she brought this lawsuit against UTSA under the Texas Whistleblower Act. In response, UTSA filed a plea to the jurisdiction, which the trial court denied. UTSA then filed this interlocutory appeal.

## DISCUSSION

Under the Texas Whistleblower Act, immunity is waived when a public employee alleges a violation of chapter 554 of the Government Code. TEX. GOV'T CODE ANN. § 554.0035 (West 2004). The standard for a violation of chapter 554 appears in section 554.002(a), which states that the governmental entity "may not suspend or terminate the employment of, or take other adverse personnel action against, a public employee who in good faith reports a violation of law by the employing governmental entity or another public employee to an appropriate law enforcement authority." *Id.* § 554.002(a). These elements under section 554.002(a) "are jurisdictional when necessary to ascertain whether the plaintiff has adequately alleged a violation of the chapter." *State v. Lueck*, 290 S.W.3d 876, 884 (Tex. 2009). UTSA's plea to the jurisdiction argued that Wells had failed to plead that (1) she made a good faith report of a violation of law, and (2) she reported a violation of law to an appropriate law enforcement agency as required by the Texas Whistleblower Act.

"When a plea to the jurisdiction challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the case." *Id.* "If the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiffs an opportunity to amend." *Id.* at 884-85. According to UTSA, the uncontroverted allegations in Wells's petition affirmatively negate jurisdiction.

In her petition, Wells alleged that she reported fraudulent activities to UTSA's Office of Audit Compliance and Risk Services. UTSA argued in its plea to the jurisdiction that its Office of Audit Compliance and Risk Services is not "an appropriate law enforcement authority" to whom such a report should be made. The Whistleblower Act defines an appropriate law enforcement authority as "part of a state or local governmental entity . . . that the employee in good faith believes is authorized to: (1) regulate under or enforce the law alleged to be violated in the report; or (2) investigate or prosecute a violation of criminal law." TEX. GOV'T CODE ANN. § 554.002(b)(1), (2) (West 2004). Under this definition, "it is clearly not enough that a governmental entity has *general* authority to regulate, enforce, investigate, or prosecute." *Tex. Dep't of Transp. v. Needham*, 82 S.W.3d 314, 319 (Tex. 2002) (emphasis in original). Rather, the governmental entity must be authorized "to regulate under or enforce '*the law alleged to be violated in the report*,' or to investigate or prosecute '*a violation of criminal law*'." *Id.* at 320 (emphasis in original). "In other words, the particular law the public employee reported violated is critical to the determination." *Id.* Here, Wells did not specifically allege what law the UTSA officials were violating, except to say that they were engaged in fraudulent activities.[1] UTSA, a university, has no authority to regulate under or enforce Texas's laws relating to fraud. *See id.* (explaining in a Whistleblower case, that the Texas Department of Transportation had no authority to regulate under, or enforce Texas's driving while intoxicated laws, the law alleged to have been violated by the whistleblower). Nor does UTSA have authority to investigate or prosecute criminal laws relating to fraud. *See id.* (explaining that TxDOT had no authority to investigate or prosecute DWI laws).

---

[1] We note that UTSA also argued in its plea to the jurisdiction that Wells did not allege a violation of law in her petition. However, because we hold that she did not report a violation of law to an appropriate law enforcement authority, we need not determine whether her petition alleged a violation of law.

However, our conclusion that UTSA is not a governmental entity authorized to regulate under, enforce, investigate, or prosecute Texas's laws relating to fraud does not end our inquiry. *See id.* Wells would still be entitled to protection under the Whistleblower Act if she "in good faith" believed UTSA was an appropriate law enforcement authority. *See id.* In the context of section 554.002(b), "good faith" means the following:

> (1) the employee believed the governmental entity was authorized to (a) regulate under or enforce the law alleged to be violated in the report, or (b) investigate or prosecute a violation of criminal law; and

> (2) the employee's belief was reasonable in light of the employee's training and experience.

*Id.* at 321. Here, Wells argues that she had good faith to believe that UTSA was an appropriate law enforcement authority because when she reported the fraudulent activities to Otter in UTSA's Office of Compliance, she was told by Otter that her claims would be investigated and that she would be protected by the Whistleblower Act. However, Wells's petition also alleged that Otter told her "that if the fraud [Wells] suspected was in fact occurring, the Office of Compliance would report the fraud *to the police department*." (emphasis added). Thus, at the time Wells reported the alleged illegal activities to UTSA, she was told by UTSA that it was not authorized to do anything about the allegations – it would need to report the fraud to the police department. Indeed, in an affidavit attached to her response to the plea to the jurisdiction, Wells affirmed that she "reported the fraud in accordance with UTSA policies, directives, and training." However, "the statutory definition's limiting language–regulate under, enforce, investigate, and prosecute–does not include an employer's power to internally discipline its own employees for an alleged violation." *Needham*, 82 S.W.3d at 321. That UTSA had policies, directives, and training relating to its own employees is not sufficient to show a good faith belief that UTSA was an appropriate law enforcement authority. *See id.* (holding that evidence of

TxDOT's internal disciplinary process, the employee's participation in that process, and the employee's belief that TxDOT could forward information to another entity to prosecute a drunk driving allegation was not sufficient to support a finding that the employee in good faith believed he was reporting to an appropriate law enforcement authority under the Whistleblower Act).

Because the uncontroverted allegations in Wells's petition affirmatively negate jurisdiction, we reverse the trial court's order and render judgment that Wells's claims against UTSA be dismissed for lack of jurisdiction.


Karen Angelini, Justice