NUMBER
13-11-00007-CV

 

COURT
OF APPEALS

 

THIRTEENTH
DISTRICT OF TEXAS

 

                                  CORPUS
CHRISTI - EDINBURG

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



SAN PATRICIO COUNTY
AND SAN PATRICIO

COUNTY COMMISSIONERS
COURT,                                      Appellants,

 

v.

 

JUAN GONZALEZ, AS
PRECINCT 5 CONSTABLE,               Appellee.

 

 



On
appeal from the 343rd District Court

of
San Patricio County, Texas.

 

 



MEMORANDUM
OPINION

 

Before
Chief Justice Valdez and Justices Rodriguez and Garza

Memorandum
Opinion by Chief Justice Valdez

 

In this interlocutory
appeal, appellants, San Patricio County and the San Patricio County
Commissioners Court, appeal from the denial of a plea to the jurisdiction by
the 343rd Judicial District Court of San Patricio County.  For the reasons set
forth below, we reverse and render.  

I. Background

            Appellee, Juan Gonzalez, filed this
suit against appellants, alleging discrimination and violations of the equal
protection and due process clauses of the United States and Texas Constitutions. 
The allegations arise from appellants’ refusal to approve appellee’s proposed
budget for the Precinct 5 Constable for fiscal year 2009.  Appellee’s proposed
budget included a 10% salary increase given across the board to other county
officials.  On July 28, 2008, appellants provided appellee with written notice
of his salary and other funding for 2009.  On August 4, 2008, appellee spoke to
County Judge Terry Simpson, chairman of the county’s salary grievance
committee, about his salary for 2009, but appellee did not file a written
grievance or request a hearing before the committee to contest his salary.     

On April 29, 2010, appellee filed
this suit, alleging that appellant acted unlawfully in denying his proposed
budget.  Appellants deny any wrongdoing and maintain that the proposed budget
was denied because it was untimely.  

After the suit was
commenced, appellants filed a plea to the jurisdiction, citing the failure of appellee
to exhaust all administrative remedies prior to filing suit as grounds for
dismissal.  The district court held a hearing on the plea to the jurisdiction, during
which the court heard testimony from witnesses and arguments by counsel.  At
the hearing, appellee stipulated that he did not request a hearing before the
salary committee.  The district court subsequently denied appellants’ plea to
the jurisdiction, and this appeal ensued.

II. Issue
Presented

In a single issue, appellants
contend that pursuant to section 152.0165(a) of the Texas Local Government Code
and section 311.034 of the Texas Code Construction Act, the district court
erred when it denied appellants’ plea to the jurisdiction because it did not
have subject matter jurisdiction to hear appellee’s suit for discrimination and
violation of the equal protection and due process clauses of the United States
and Texas Constitutions. 

III. Analysis

            Jurisdiction is a question of
law, which we review de novo. See Tex. Dept. of Parks & Wildlife v.
Miranda, 133 S.W.3d 217, 226 (Tex. 2004); El Paso Nat. Gas Co. v. Minco
Oil & Gas, Inc., 8 S.W.3d 309, 312 (Tex. 1999).  

In relevant part, the local
government code provides as follows:

“An elected county or precinct officer
who is aggrieved by the setting of the officer’s salary or personal expenses
may request a hearing before the salary grievance committee before the approval
of the county’s annual budget. The request must:

(1) be in writing;

(2) be delivered to the committee
chairman within five days after the date the officer receives notice of the
salary or personal expenses; and

(3) state the desired change in salary
or personal expenses.”

Tex. Loc. Gov’t Code
Ann.
§ 152.016(a) (West 2010).

At the hearing on the plea
to the jurisdiction, appellee stipulated that he did not request a hearing
before the salary committee.  To the extent that appellee raised a grievance
concerning his salary with Judge Simpson, chairman of the county’s salary
grievance committee, appellee failed to follow the procedure required by the statute
by making a written request for a hearing specifying the desired change in
salary and delivering the written request within the time frame prescribed.  See
id. 

The local government code
specifically states, “An elected county or precinct official may not file suit
regarding the officer’s salary or personal expenses unless a hearing has been
requested and held under section 152.016.”  Tex.
Loc. Gov’t Code § 152.0165(a) (West 2010).  Chapter 311 of the Texas
Government Code, also known as the Code Construction Act (the “Act”), supplies
the following construction to the phrases “must” and “may not”:

“‘Must’ creates or recognizes a
condition precedent”; and 

“‘May not’ imposes a prohibition that is
synonymous with ‘shall not.”  

Tex. Gov’t Code Ann. §
311.016(3), (5) (West 2010).  The Act also provides that “statutory
prerequisites to a suit, including the provisions of notice, are jurisdictional
requirements in all suits against a governmental entity.”  Tex. Gov’t Code Ann. § 311.034 (West
2010); see State v. Lueck, 290 S.W.3d 876, 882-83 (Tex. 2009).

            Based on the foregoing
authorities, we conclude that appellee’s failure to request and obtain a
hearing pursuant to sections 152.016(a) and 152.0165(a) of the local government
code deprived the district court of subject matter jurisdiction over the claims
made in his suit against appellants.  See Tex. Loc. Gov’t Code §§ 152.016(a), 152.0165(a); Tex. Gov’t Code § 311.034. 
Accordingly, we sustain appellants’ issue on appeal.

IV.
Conclusion

            For the reasons
set forth above, we reverse the order of the district court denying appellants’
plea to the jurisdiction and render judgment dismissing the case for lack of
jurisdiction. 

                                                                                                _____________________             

Rogelio Valdez

                                                                                                Chief
Justice

 

Delivered and filed the 

4th day of August, 2011.