**AFFIRMED; Opinion Filed May 25, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-14-01341-CV

**DONNA PULKRABEK, Appellant**
**V.**
**THE UNIVERSITY OF TEXAS SOUTHWESTERN MEDICAL CENTER, Appellee**

**On Appeal from the 192nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-12-13476**

## MEMORANDUM OPINION

Before Justices Francis, Evans, and Stoddart
Opinion by Justice Evans

This appeal arises out of a claim brought under the Texas Whisteblower Act. It involves facts and legal issues related to those in *Thobe v. The University of Southwestern Medical Center*, No. 05-14-01450-CV (Tex. App.—Dallas May 25, 2016, no pet. h.) also decided today. The trial court granted The University of Texas Southwestern Medical Center's plea to the jurisdiction and dismissed Donna Pulkrabek's claim with prejudice. In a single issue, Pulkrabek contends the trial court erred in granting UTSW's plea because she alleged sufficient jurisdictional facts to establish a waiver of governmental immunity under the Act as a matter of law. For the reasons set forth below and in *Thobe*, we affirm.

## BACKGROUND

Pulkrabek was employed by UTSW as manager of its Institutional Animal Care and Use Committee. As such, Pulkrabek's job duties included monitoring compliance with National Institutes of Health guidelines and reporting any violations to the NIH Office of Laboratory Animal Welfare (OLAW).

In January 2012, Pulkrabek informed an internal UTSW department that it was non-compliant with guidelines pertaining to the humane testing of animals. After the UTSW department did little to address the issues she presented, Pulkrabek reported her concerns regarding the treatment of animals to OLAW in May 2012. Within the week after her report to OLAW, UTSW placed Pulkrabek on administrative leave and ultimately terminated her employment on August 31, 2012. Pulkrabek sued UTSW asserting a claim under the Texas Whistleblower Act. In her live pleading, she claimed she was terminated in retaliation for reporting UTSW's non-compliance with the federal guidelines pertaining to the humane testing of animals to OLAW.

At issue here is UTSW's Second Plea to the Jurisdiction in which it contended the trial court lacked subject matter jurisdiction over the case because Pulkrabek failed to plead sufficient facts to bring her claim within the Whistleblower Act's waiver of sovereign immunity.

## ANALYSIS

We review de novo whether a plaintiff has set forth facts that affirmatively demonstrate a trial court's subject matter jurisdiction. *See Tex. Dep't of Parks and Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). It is well-settled that sovereign immunity deprives courts of subject matter jurisdiction. *See Rusk State Hosp. v. Black*, 392 S.W.3d 88, 95 (Tex. 2012). As an arm of the state, UTSW enjoys sovereign immunity from suit unless the legislature expressly waives sovereign immunity. *See* TEX. EDUC. CODE ANN. §§ 65.02(a)(7) and 74.101 (West Supp.

2015); *State v. Lueck*, 290 S.W.3d 876, 880 (Tex. 2009). The government code expressly waives sovereign immunity for claims brought under the Texas Whistleblower Act. *See* TEX. GOV'T CODE ANN. § 554.0035 (West 2012). But for immunity to be waived under the Act, the plaintiff must properly allege a violation of the Act. *Lueck*, 290 S.W.3d at 881. Accordingly, we must determine whether Pulkrabek has met the jurisdictional prerequisite of alleging a violation by examining the elements set forth in the Act. *See id.*

We stated in *Thobe*:

The Whistleblower Act protects "a public employee who in good faith reports a violation of law by the employing governmental entity or another public employee to an appropriate law enforcement authority." TEX. GOV'T CODE ANN. § 554.002(a). An appropriate law-enforcement authority is:

a part of a state or local governmental entity or of the federal government that the employee in good faith believes is authorized to:

(1) regulate under or enforce the law alleged to be violated in the report; or

(2) investigate or prosecute a violation of criminal law.

*Id.* § 554.002(b).

To be in "good faith," an employee's belief about the reported-to authority's powers must be "reasonable in light of the employee's training and experience." *Tex. Dep't of Transp. v. Needham*, 82 S.W.3d 314, 321 (Tex. 2002). An authority's power to discipline its own or investigate internally does not support an employee's good-faith belief that the authority is an appropriate law-enforcement authority. *Univ. of Tex. Sw. Med. Ctr. v. Gentilello*, 398 S.W.3d 680, 686 (Tex. 2013). Instead, the authority must have outward-looking powers. "[I]t must have authority to enforce, investigate, or prosecute violations of law against third parties outside of the entity itself, or it must have authority to promulgate regulations governing the conduct of such third parties." *Id.* Under the Act, the authority's power to "regulate under" or "enforce" must pertain to "the law alleged to be violated in the report." TEX. GOV'T CODE § 554.002(b)(1).

The specific law the claimant alleges was violated is critical to the trial court's determination whether the report was made to an appropriate law-enforcement authority. *Mullins v. Dallas Indep. Sch. Dist.*, 357 S.W.3d 182, 188 (Tex. App.—Dallas 2012, pet. denied) (citing *Needham*, 82 S.W.3d at 320). The report must concern a violation of law by the governmental agency or another public employee. TEX. GOV'T CODE ANN. § 554.002(a). The Whistleblower Act defines "law" as a state or federal statute, an ordinance of a local governmental entity, or "a rule adopted under a statute or ordinance." TEX. GOV'T CODE ANN. §

–3–

554.001(1). The claimant's report need not identify the statute, ordinance, or rule he believes was violated. *Wilson v. Dallas Indep. Sch. Dist.*, 376 S.W.3d 319, 327 (Tex. App.—Dallas 2012, no pet.) (citing *Mullins*, 357 S.W.3d at 188). However, during the litigation the claimant must make that identification. *Wilson*, 376 S.W.3d at 327.

*Thobe*, No. 05-14-01450-CV, slip op. at 4–5.

The Health Research Extension Act of 1985 (HREA) provides for the establishment of guidelines for the proper care and treatment of animals to be used in biomedical and behavioral research and also requires the establishment of animal care committees at entities conducting such research with federal funds. 42 U.S.C. § 289d(a). If the NIH director determines that a grant or contract recipient has failed to meet the applicable guidelines, was notified of the director's determination, and given an opportunity but failed to take corrective action, the director shall suspend or revoke funding under such conditions as he or she deems appropriate. 42 U.S.C. §289d(d).

As in *Thobe*, Pulkrabek argues that under HREA, OLAW is an appropriate law enforcement authority because it "enforces" allegations of noncompliance with the federal policy guidelines for the care of animals involved in medical research and testing. But HREA does not identify OLAW or its enforcement or regulatory powers, if any. *See* HREA, Pub. L. No. 99-158, 99 Stat. 820. HREA grants authority to the Health and Human Services secretary, acting through the NIH director, to establish guidelines and authorizes the NIH director to revoke grants or contracts for failure to meet those guidelines. *See* 42 U.S.C. § 289d(a), (d). There is nothing else in the record to support Pulkrabek's contention that OLAW derives its authority from HREA. Pulkrabek, like Thobe, relies heavily on the Public Health Service Policy of Humane Care and Use of Laboratory Animals to support her position on appeal. But she has not shown how the PHS Policy was adopted or what relationship the PHS Policy has to the authority of the

HHS secretary, acting through the NIH director to adopt guidelines under the terms of 42 U.S.C. § 289d.  As we stated in *Thobe*:

> This Policy is not a state or federal statute and nothing in the record shows the Policy is equivalent to a "rule adopted under a statute or ordinance."  TEX. GOV'T CODE ANN. § 554.001(1); *see Univ. of Houston v. Barth*, 403 S.W.3d 851, 855 (Tex. 2013) (per curiam) (holding university's administrative policies were not "law" under Whistleblower Act "because there is no evidence that the policies were enacted by the Board of Regents as required by the University's enabling statute").
>
> The record does not show that OLAW has authority to regulate under or enforce the law allegedly violated, HREA.  As the supreme court recognized in *Gentilello*, "only the United States Secretary of Health and Human Services (HHS Secretary) can 'regulate under' or 'enforce' Medicare/Medicaid rules."  398 S.W.3d at 685.  Similarly, the HREA requires, "The [HHS] Secretary, acting through the Director of NIH, shall establish guidelines . . ." regarding proper care and treatment of animals used in biomedical research and for the organization and operation of animal care committees.  *See* 42 U.S.C. § 289d(a).

*Thobe*, No. 05-14-01450-CV, slip op. at 6–7.

Pulkrabek has not shown that OLAW—as opposed to the "[HHS] Secretary, acting through the Director of NIH"—has the authority to enforce, investigate, or prosecute violations of the law against third parties or the authority to promulgate regulations governing the conduct of such third parties.  *See Gentilello*, 398 S.W.3d at 686.  The Whistleblower Act protects Pulkrabek only if a reasonably prudent employee in similar circumstances would have believed OLAW was an appropriate law-enforcement authority.  *See Tex. Dep't of Human Servs. v. Okoli*, 440 S.W.3d 611, 614 (Tex. 2014).  However, the terms of the PHS Policy itself identify it as a policy and not a law.  As noted in *Thobe*,

> [The policy] begins, "It is the Policy of the Public Health Service (PHS) to require institutions to establish and maintain proper measures to ensure the appropriate care and use of all animals involved in research . . . ." Further, the text of the HREA does not mention OLAW nor authorize it to regulate or enforce any portion of the HREA regarding the treatment of animals in medical research.  Under the terms of the statute, the Director of NIH, not OLAW, has the authority to suspend or revoke a grant or contract for failure to comply with the guidelines.

*See* 42 U.S.C. § 289d(d).

*Thobe*, No. 05-14-01450-CV, slip op. at 7.

Even if Pulkrabek believed that OLAW would forward her report to the NIH director, that would not constitute an objective good-faith belief that OLAW was an appropriate law-enforcement authority. *See Okoli*, 440 S.W.3d at 615 (internal reports insufficient even where agency policy is to forward reports to agency enforcement arm); *Univ. of Houston v. Barth*, 403 S.W.3d 851, 858 (Tex. 2013) (per curiam).

## CONCLUSION

Because we conclude on this record the PHS Policy is not a law and OLAW is not an appropriate law-enforcement authority for purposes of the Texas Whistleblower Act, Pulkrabek did not establish a waiver of UTSW's governmental immunity under the Act. Accordingly, the trial court did not err in granting UTSW's plea to the jurisdiction.

We resolve Pulkrabek's sole issue against her and affirm the trial court's order granting the plea to the jurisdiction and dismissing her claim.

/David Evans/
DAVID EVANS
JUSTICE

141341F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

DONNA PULKRABEK, Appellant

No. 05-14-01341-CV          V.

THE UNIVERSITY OF TEXAS
SOUTHWESTERN MEDICAL CENTER,
Appellee

On Appeal from the 192nd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-12-13476
Opinion delivered by Justice Evans, Justices
Francis and Stoddart participating.

In accordance with this Court's opinion of this date, the order of the trial court granting The University of Texas Southwestern Medical Center's second plea to the jurisdiction is **AFFIRMED**.

It is **ORDERED** that appellee The University of Texas Southwestern Medical Center recover its costs of this appeal from appellant Donna Pulkrabek.

Judgment entered this 25th day of May, 2016.