# IN THE SUPREME COURT OF TEXAS

No. 18-1047

THE CITY OF MADISONVILLE AND THE MADISONVILLE POLICE DEPARTMENT,
PETITIONERS,

v.

DAVID SIMS, RESPONDENT

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE EIGHTH DISTRICT OF TEXAS

**PER CURIAM**

Section 311.034 of the Code Construction Act makes statutory prerequisites to suit "jurisdictional requirements" for claims against governmental entities. *See* TEX. GOV'T CODE § 311.034. When a party sues a governmental entity but fails to comply with a statutory prerequisite to suit, the governmental entity's response is "properly asserted in a plea to the jurisdiction." *Prairie View A&M Univ. v. Chatha*, 381 S.W.3d 500, 515 (Tex. 2012).

David Sims filed a Texas Whistleblower Act claim against the City of Madisonville and the Madisonville Police Department. The City filed a jurisdictional plea claiming that Sims's suit was time-barred because it was filed after the Whistleblower Act's ninety-day filing deadline. The trial court granted the City's jurisdictional plea, but the court of appeals reversed and held that the filing deadline was not jurisdictional. We disagree. The Whistleblower Act's filing deadline is a statutory prerequisite to suit. The claim here is against a governmental entity (as is always the case

with the Whistleblower Act), so the filing deadline is jurisdictional. We reverse the court of appeals and dismiss Sims's claim for lack of jurisdiction.

David Sims was a police officer in the Madisonville Police Department. He received tips from confidential informants that his boss, Sergeant Jeffrey Covington, was planning to plant drugs in Covington's ex-wife's car and then have her arrested, putting him in a considerably stronger position in their ongoing child-custody dispute. Sims and Covington had a strained relationship. Covington previously worked as a contractor in Iraq for a military detachment in which Sims had served. Covington was terminated from that position for alleged misconduct—a fact Sims knew.

Sims told the Chief of Police, Charles May, about the tips regarding the set-up, but May dismissed the allegations out of hand. Sims later searched the Department's "administrative share program," which allowed him as an administrator to access any computers in the Department, and discovered that Covington had been compiling an "investigative file" on Sims (including GPS-location data and recordings from Sims's police vehicle), presumably to have him fired. Sims believed this was a vendetta by Covington based on their history in Iraq.

Sims was "dishonorably discharged" shortly thereafter on July 27, 2012, for violating the Department's computer-use policy—that is, for accessing Covington's computer via the Department's administrative share program. May requested the Texas Rangers investigate Sims's conduct. Sims was indicted by a grand jury for "computer security breach," though the district attorney eventually dismissed the indictment. Sims then appealed the "dishonorable" designation of his termination through the State Office of Administrative Hearings. The hearing was held on April 17, 2014. At that hearing, May testified that he had authorized Covington's internal

investigation into Sims. The hearing examiner ruled in Sims's favor and reclassified his discharge as "honorable."

Sims sued the City and the Department on July 16, 2014, ninety days after the hearing. He alleged the Department violated the Whistleblower Act by firing him for reporting Covington's drug-planting scheme. *See* TEX. GOV'T CODE § 554.001. Sims claimed he sued within the ninety-day deadline because he did not learn until the April 17 hearing that May initiated Covington's internal investigation in retaliation for Sims's report against Covington. *See* TEX. GOV'T CODE § 554.005. The City filed a plea to the jurisdiction arguing that Sims failed to establish the waiver of its sovereign immunity because the filing deadline had lapsed almost two years prior, that is, ninety days after Sims's discharge in 2012. The trial court granted the City's jurisdictional plea and dismissed Sims's claim.

The court of appeals reversed. *Sims v. City of Madisonville*, 584 S.W.3d 158, 163 (Tex. App.—El Paso 2018). It held that the Whistleblower Act's ninety-day filing deadline is not jurisdictional because a statute of limitations may be raised as an affirmative defense at the summary-judgment stage but not as the basis for a jurisdictional plea. *Id.* at 162–63. It pointed to our decision in *State v. Lueck*, where we held that the elements of a Whistleblower Act claim are "jurisdictional facts" that must be properly alleged for a court to have jurisdiction over the claim. 290 S.W.3d 876, 884–85 (Tex. 2009). The court of appeals understood *Lueck* to establish the exclusive means by which a party can challenge a Whistleblower Act claim on jurisdictional grounds. *Sims*, 584 S.W.3d at 162. The City did not challenge the "specific jurisdictional facts," but rather Sims's failure to timely file suit, so the City's jurisdictional plea failed. *Id.*

3

Section 311.034 of the Code Construction Act, entitled "Waiver of Sovereign Immunity," makes statutory prerequisites to suit jurisdictional as to claims against governmental entities. TEX. GOV'T CODE § 311.034. We held in *Chatha* that "the term 'statutory prerequisite' refers to statutory provisions that are mandatory and must be accomplished prior to filing suit." 381 S.W.3d at 512. When a statutory prerequisite to suit is not met, "whether administrative (such as filing a charge of discrimination) or procedural (such as timely filing a lawsuit)," the suit may be properly dismissed for lack of jurisdiction. *Id.* at 515.

The Whistleblower Act prevents a local governmental entity from firing a public employee for reporting another public employee's violation of the law to a law-enforcement authority. TEX. GOV'T CODE § 554.002(a). When a governmental entity violates the Whistleblower Act, the Act waives the entity's sovereign immunity and allows the employee to recover for his injury. *Id.* § 554.0035. But once the employee is fired, or once he discovers a violation of the Act through reasonable diligence, he has ninety days to file suit. *Id.* § 554.005.

Sims's claim was filed almost two years after he was fired by the Department. His claims, by and large, pertain to the actions leading up to his firing and his ultimate dishonorable discharge. While Sims contends that he was unaware that May authorized Covington's investigation into Sims until his administrative hearing, May's authorization of the investigation made Sims no more aware of the potentially illegal nature of his termination than what he knew at the time he was fired. As Sims himself notes, when a public employee is fired within ninety days of reporting another employee's violation of the law, the Whistleblower Act imposes a rebuttable presumption that he was fired for reporting the violation. *See* TEX. GOV'T CODE § 554.004(a). Sims reported Covington to May in July 2012 and was fired on July 27, 2012, but did not assert his Whistleblower

Act claim until July 16, 2014. Because he filed his claim well beyond the ninety-day limitations period, his claim was time-barred. We turn next to the question whether the Whistleblower Act's ninety-day filing deadline is jurisdictional.

The plaintiff in *Chatha* failed to file an administrative complaint for her pay-discrimination claims within 180 days of the alleged discrimination, a procedural requirement under the Texas Commission on Human Rights Act. 381 S.W.3d at 503–04. We held the Act clearly and unambiguously waives sovereign immunity, but that waiver is limited, and strict compliance with the Act's procedural requirements is required to bring a claim. *Id.* at 513–14. A plaintiff must comply with those "procedural requirements" before filing suit, and because one such requirement is the 180-day filing deadline, it is a statutory prerequisite to suit under section 311.034. *Id.* at 515. Because section 311.034 makes jurisdictional any statutory prerequisite to suit for a claim against a governmental entity, we dismissed her claim because we lacked jurisdiction to decide her pay-discrimination claims. *Id.* at 516.

The same applies here. The Whistleblower Act, like the Texas Commission on Human Rights Act, clearly and unambiguously waives sovereign immunity to allow plaintiffs to obtain relief. *See* TEX. GOV'T CODE § 554.0035; *Chatha*, 381 S.W.3d at 513. But an employee with a Whistleblower Act claim must strictly abide by the procedural limitations set out in the Act to obtain relief. *See* TEX. GOV'T CODE § 311.034. That includes the statute of limitations, which states that an employee with a Whistleblower Act claim "*must* sue" within ninety days to obtain relief. *See* TEX. GOV'T CODE § 554.005 (emphasis added). The term "must" creates a condition precedent. *See id.* § 311.016(3); *Centex Corp. v. Dalton*, 840 S.W.2d 952, 956 (Tex. 1992) ("A condition precedent is an event that must happen or be performed before a right can accrue to

5

enforce an obligation."). The ninety-day filing deadline is thus a jurisdictional statutory prerequisite to suit, and a claim that fails to meet that deadline may properly be disposed of by a jurisdictional plea.

In concluding to the contrary, the court of appeals misapplied *Lueck*. *See Sims*, 584 S.W.3d at 162–63. *Lueck* dealt with a governmental entity's challenge to the lack of "jurisdictional facts" pleaded by a former employee to satisfy the substantive elements of a Whistleblower Act claim. 290 S.W.3d at 881–82. Because the Whistleblower Act's immunity-waiver provision says the former employee must "allege a violation *of this chapter*," we considered whether the employee's claims amounted to a violation of the Whistleblower Act to determine whether immunity had been waived. *Id.* at 881 (emphasis added).

Along the way, we dismissed the employee's argument that we could not consider these "jurisdictional facts" because they were non-jurisdictional statutory prerequisites to suit. *Id.* at 883. Noting that statutory prerequisites to suit *are* jurisdictional in claims against a governmental entity, *see id.* (quoting TEX. GOV'T CODE § 311.034), we held that "the elements of section 554.002(a) are not statutory prerequisites to suit, but rather, elements of a statutory cause of action in a suit against a governmental entity." *Id.* The court of appeals took this sentence to mean that challenging the jurisdictional facts was the *only* way to defeat a Whistleblower Act claim on jurisdictional grounds. *See Sims*, 584 S.W.3d at 163. But the very next sentence of *Lueck* suggests the opposite: "The issue before us today is whether these elements of a statutory cause of action, *like statutory prerequisites to suit*, are requirements that can implicate the merits of the underlying claim, as well as the jurisdictional inquiry of sovereign immunity from suit as a threshold matter." 290 S.W.3d at 883 (emphasis added). So a jurisdictional plea may challenge the lack of "jurisdictional facts"

6

to support a Whistleblower Act claim just as it may challenge whether the plaintiff satisfied a jurisdictional statutory prerequisite to suit. We indicated that statutory prerequisites to suit are jurisdictional in this context by likening them to our treatment of "jurisdictional facts."

We said in *Chatha* that "a statutory prerequisite to suit, whether administrative (such as filing a charge of discrimination) or procedural (such as timely filing a lawsuit) is jurisdictional when the defendant is a governmental entity." 381 S.W.3d at 515. *Chatha* concerned the former—whether the failure to timely file an administrative complaint was jurisdictional. *Id.* This case concerns the latter. Because Sims failed to timely file his lawsuit, he failed to satisfy a jurisdictional statutory prerequisite to suit. *See* TEX. GOV'T CODE § 311.034. Accordingly, without hearing oral argument, TEX. R. APP. P. 59.1, we grant the City's petition for review, reverse the court of appeals' judgment, and dismiss the case for lack of jurisdiction.

Opinion delivered: April 17, 2020