

# NUMBER 13-11-00007-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

SAN PATRICIO COUNTY AND SAN PATRICIO
COUNTY COMMISSIONERS COURT,                          Appellants,

v.

JUAN GONZALEZ, AS PRECINCT 5 CONSTABLE,            Appellee.

On appeal from the 343rd District Court
of San Patricio County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Garza
Memorandum Opinion by Chief Justice Valdez**

In this interlocutory appeal, appellants, San Patricio County and the San Patricio County Commissioners Court, appeal from the denial of a plea to the jurisdiction by the 343rd Judicial District Court of San Patricio County. For the reasons set forth below, we reverse and render.

# I. Background

Appellee, Juan Gonzalez, filed this suit against appellants, alleging discrimination and violations of the equal protection and due process clauses of the United States and Texas Constitutions. The allegations arise from appellants' refusal to approve appellee's proposed budget for the Precinct 5 Constable for fiscal year 2009. Appellee's proposed budget included a 10% salary increase given across the board to other county officials. On July 28, 2008, appellants provided appellee with written notice of his salary and other funding for 2009. On August 4, 2008, appellee spoke to County Judge Terry Simpson, chairman of the county's salary grievance committee, about his salary for 2009, but appellee did not file a written grievance or request a hearing before the committee to contest his salary.

On April 29, 2010, appellee filed this suit, alleging that appellant acted unlawfully in denying his proposed budget. Appellants deny any wrongdoing and maintain that the proposed budget was denied because it was untimely.

After the suit was commenced, appellants filed a plea to the jurisdiction, citing the failure of appellee to exhaust all administrative remedies prior to filing suit as grounds for dismissal. The district court held a hearing on the plea to the jurisdiction, during which the court heard testimony from witnesses and arguments by counsel. At the hearing, appellee stipulated that he did not request a hearing before the salary committee. The district court subsequently denied appellants' plea to the jurisdiction, and this appeal ensued.

# II. Issue Presented

In a single issue, appellants contend that pursuant to section 152.0165(a) of the Texas Local Government Code and section 311.034 of the Texas Code Construction Act, the district court erred when it denied appellants' plea to the jurisdiction because it did not have subject matter jurisdiction to hear appellee's suit for discrimination and violation of the equal protection and due process clauses of the United States and Texas Constitutions.

## III. Analysis

Jurisdiction is a question of law, which we review de novo. *See Tex. Dept. of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004*); El Paso Nat. Gas Co. v. Minco Oil & Gas, Inc.*, 8 S.W.3d 309, 312 (Tex. 1999).

In relevant part, the local government code provides as follows:

> "An elected county or precinct officer who is aggrieved by the setting of the officer's salary or personal expenses may request a hearing before the salary grievance committee before the approval of the county's annual budget. The request must:
>
> > (1) be in writing;
> >
> > (2) be delivered to the committee chairman within five days after the date the officer receives notice of the salary or personal expenses; and
> >
> > (3) state the desired change in salary or personal expenses."

TEX. LOC. GOV'T CODE ANN. § 152.016(a) (West 2010).

At the hearing on the plea to the jurisdiction, appellee stipulated that he did not request a hearing before the salary committee. To the extent that appellee raised a grievance concerning his salary with Judge Simpson, chairman of the county's salary grievance committee, appellee failed to follow the procedure required by the statute by

3

making a written request for a hearing specifying the desired change in salary and delivering the written request within the time frame prescribed. *See id.*

The local government code specifically states, "An elected county or precinct official may not file suit regarding the officer's salary or personal expenses unless a hearing has been requested and held under section 152.016." TEX. LOC. GOV'T CODE § 152.0165(a) (West 2010). Chapter 311 of the Texas Government Code, also known as the Code Construction Act (the "Act"), supplies the following construction to the phrases "must" and "may not":

> "'Must' creates or recognizes a condition precedent"; and

> "'May not' imposes a prohibition that is synonymous with 'shall not."

TEX. GOV'T CODE ANN. § 311.016(3), (5) (West 2010). The Act also provides that "statutory prerequisites to a suit, including the provisions of notice, are jurisdictional requirements in all suits against a governmental entity." TEX. GOV'T CODE ANN. § 311.034 (West 2010); *see State v. Lueck*, 290 S.W.3d 876, 882-83 (Tex. 2009).

Based on the foregoing authorities, we conclude that appellee's failure to request and obtain a hearing pursuant to sections 152.016(a) and 152.0165(a) of the local government code deprived the district court of subject matter jurisdiction over the claims made in his suit against appellants. *See* TEX. LOC. GOV'T CODE §§ 152.016(a), 152.0165(a); TEX. GOV'T CODE § 311.034. Accordingly, we sustain appellants' issue on appeal.

## IV. Conclusion

For the reasons set forth above, we reverse the order of the district court denying appellants' plea to the jurisdiction and render judgment dismissing the case for lack of jurisdiction.

_____
ROGELIO VALDEZ
Chief Justice

Delivered and filed the
4th day of August, 2011.