**Reversed and Dismissed and Opinion Filed March 26, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-13-00773-CV

### CITY OF SACHSE, Appellant
### V.
### DAN WOOD, Appellee

**On Appeal from the 298th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-12-00218-M**

## MEMORANDUM OPINION

Before Justices Bridges, Fillmore, and Lewis
Opinion by Justice Bridges

Dan Wood's March 6, 2014 motion for rehearing is denied. On the Court's own motion, we withdraw our opinion issued February 20, 2014 and vacate our judgment of that date. The following is now the opinion of the Court.

The City of Sachse appeals the trial court's denial of its plea to the jurisdiction. In a single issue, the City argues the trial court erred in denying its plea to the jurisdiction on the basis that Dan Wood's pleadings and the evidence were sufficient to establish a violation of the Texas Whistleblower Act. We sustain the City's issue, reverse the trial court's order denying the City's plea to the jurisdiction, and dismiss Wood's whistleblower claim for lack of subject-matter jurisdiction.

In November 2007, Wood was promoted to lieutenant in the City's fire department, and he became the officer in charge of the department's "B" shift in September 2011. The City's fire rescue department at the time rotated shift personnel on a three day system, using an A, B, and C shift. On September 9, 2011, Greg Fenn, a part-time paramedic/firefighter with the department, indicated that he noticed expired, inadequate, and missing medications during his inventory and restocking of a department ambulance. Fenn stated this had happened on prior occasions, and he expressed his frustration that supervisors never addressed or corrected the problem. Fenn resigned and left. While Wood attempted to locate a substitute to staff the ambulance in Fenn's absence, he was alerted that Fenn had posted a message on Facebook that Fenn had resigned and "no longer desired to work there because of the structure and management of [the City's] EMS system."

About the same time, Wood was approached by Captain Robert Knappage, the officer in charge of the City's EMS operations, who was also aware of Fenn's Facebook posting. Wood told Knappage about Fenn's resignation and gave a brief description of the issues Fenn raised, Wood's own observations, and Wood's "planned and continuing efforts to correct all the issues." Knappage directed Wood to prepare a memorandum and summaries of the issues he observed as soon as possible. A little more than an hour later, Wood sent Knappage a formal memorandum outlining Fenn's resignation and Wood's actions in asking Fenn to remove his Facebook posting. Wood proceeded with an inventory of medications and an examination of books and records to determine which paramedics worked on the ambulances with expired medications and why they failed to note the medications were expired and replace them. That same morning, Wood sent Knappage a second memorandum concerning the "expired medications and the personnel working on them."

Early that afternoon, Fenn emailed all personnel in the City's fire rescue department. In the email, Fenn expressed his frustration with "prior instances that were unadressed and the danger of expired and missing medications" and stated he had filed a formal complaint against the City with the Texas Department of State Health Services (DSHS), the agency empowered to take disciplinary action for violations of the Texas Emergency Health Care Act.

In the course of his investigation on September 9, Wood noticed other deficiencies in the paperwork and documentation of multiple paramedics, he reported these deficiencies to Knappage, and Knappage instructed Wood to prepare a memorandum on the issue. By the next day, Wood had turned in all the memoranda Knappage had requested. On September 11, 2011, Knappage met with other department employees after reviewing Wood's memoranda and placed Wood on paid administrative leave beginning September 15. Following a subsequent investigation, the City gave two employees oral warnings, one employee a letter of counseling and a one-month suspension from the paramedic program, six employees written reprimands, and four employees suspension without pay. Wood's employment with the City was terminated.

Wood sued the City, alleging the City's conduct violated the Texas Whistleblower Act and his right to due course of law. Specifically, Wood alleged, among other things, the City "suspended, terminated, disciplined and otherwise discriminated against" him because he reported violations of law to his supervisors, including Knappage and Chief Doug Kendrick. The City filed a plea to the jurisdiction seeking dismissal of Wood's whistleblower claim because Wood failed to plead jurisdictional facts sufficient to support a conclusion the City violated the Whistleblower Act and thereby waived immunity. The plea to the jurisdiction did not address Wood's due course of law claim. The trial court denied the City's plea to the jurisdiction, and this interlocutory appeal followed.

In a single issue, the City argues the trial court erred in denying its plea to the jurisdiction. Specifically, the City asserts Wood did not establish a violation of the Whistleblower Act and the City was therefore immune to suit.

The State and other state agencies are immune from suit and liability in Texas unless the Legislature expressly waives sovereign immunity. *State v. Lueck*, 290 S.W.3d 876, 880 (Tex. 2009). The immunity provision in the Whistleblower Act states:

A public employee who alleges a violation of this chapter may sue the employing state or local governmental entity for the relief provided by this chapter. Sovereign immunity is waived and abolished to the extent of liability for the relief allowed under this chapter for a violation of this chapter.

TEX. GOV'T CODE ANN. § 554.0035 (West 2012); *Lueck*, 290 S.W.3d at 881. The standard for a "violation of this chapter" appears in section 554.002(a), which provides that the governmental entity "may not suspend or terminate the employment of, or take other adverse personnel action against, a public employee who in good faith reports a violation of law by the employing governmental entity or another public employee to an appropriate law enforcement authority." TEX. GOV'T CODE ANN. § 554.002(a) (West 2012).

The 554.002(a) elements are jurisdictional when necessary to ascertain whether a plaintiff has adequately alleged a violation of the chapter. *Lueck*, 290 S.W.3d at 884. "When a plea to the jurisdiction challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause." *Id.* (quoting *Tex. Dep't of Parks and Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004)). "If the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiffs an opportunity to amend." *Id.* (quoting *Miranda*, 133 S.W.3d at 227.

Wood argues the memoranda he submitted to Knappage, along with "oral briefings between [Wood] and Captain Robert Knappage and Chief Douglas Kendrick" constitute a report

of a violation of law to an appropriate law enforcement authority under section 554.002(a). In making this argument, Wood relies on Knappage's status as a peace officer and a captain of EMS. Wood argues Knappage was an "appropriate law enforcement authority" because, as a licensed peace officer, Knappage had a duty to report the violations Wood reported in his memoranda to the district attorney. Further, Wood argues, Knappage had independent duties to be certain the City's EMS agency complied with the mandatory provisions of state law. As to Chief Kendrick, Wood fails to argue any basis for determining Kendrick was an "appropriate law enforcement authority, and we do not further address this issue with respect to Chief Kendrick.

The DSHS is the agency empowered to take disciplinary action for violations of the Texas Emergency Health Care Act. TEX. HEALTH & SAFETY CODE ANN. § 773.061 (West 2010). A person may not operate, conduct, or maintain an emergency medical service without a license from DSHS. *Id.* § 773.041. The record contains an EMS Provider License issued to the City. The license provides that it is to be prominently displayed in the patient compartment of each EMS vehicle while in service or response ready. The license states that complaints about the services provided or reports of violations of Texas EMS regulations should be reported to DSHS. The record shows Fenn made a formal complaint to DSHS regarding expired medications in City EMS vehicles. DSHS issued a warning letter of concern stating the complaint against the City's EMS was investigated by the EMS Compliance-North Group and the allegations in the complaint were partially substantiated. The warning letter directed the City to review Texas EMS laws and rules but stated the warning was not an official action and was not subject to appeal.

Thus, it appears DSHS, not Knappage or Kendrick, was "the appropriate law enforcement authority" to enforce the law Wood alleged was violated. *See* TEX. GOV'T CODE ANN. § 554.002(b)(1), (2) (West 2012) (providing that an appropriate law enforcement authority

–5–

is "part of a state or local governmental entity . . . that the employee in good faith believes is authorized to: regulate under or enforce the law alleged to be violated in the report or: investigate or prosecute a violation of criminal law"); *Lueck*, 290 S.W.3d at 885-86. Wood's memoranda were all generated in response to Knappage's requests for information and detail inventory and personnel assignments. There is nothing in the record to indicate Wood could have, in good faith, believed Knappage, not DSHS, was the "appropriate law enforcement authority" to enforce the law Wood alleged was violated. *See id.* at 886 (employee's email report to supervisor indicated employee knew supervisor was not the proper authority to regulate reported violations because employee recommended having email "readily available" when discussing alleged violations with other agencies).

Nothing in Wood's memoranda indicates a belief that Knappage's status as a licensed peace officer made him an "authority" authorized to regulate under or enforce the law alleged to be violated or prosecute a violation of criminal law. *See id.* Knappage's status as a licensed peace officer did not make him "an appropriate law enforcement authority" authorized to investigate or prosecute a violation of criminal law. *See* TEX. GOV'T CODE ANN. § 554.002 (West 2012). The entity constituting an "appropriate law enforcement authority" must have the authority to regulate, enforce, investigate, or prosecute the particular law that the employee had violated; general authority is not enough. *See City of Elsa v. Gonzalez*, 325 S.W3d 622, 627 (Tex. 2010) (citing *Tex. Dep't of Transp. v. Needham*, 82 S.W.3d 314, 319 (Tex. 2002)). Therefore, as a matter of law, Wood's pleadings affirmatively demonstrate that he did not allege a violation of the Whistleblower Act.[1] *See Lueck*, 290 S.W.3d at 886. We sustain the City's issue.

---

[1] In reaching this conclusion, we need not decide whether Wood's memoranda constituted a "report of a violation of law" under section 554.002(a).

We reverse the trial court's order denying the City's plea to the jurisdiction and dismiss Wood's whistleblower claim for lack of subject-matter jurisdiction.

130773F.P05

/David L. Bridges/

DAVID L. BRIDGES
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

CITY OF SACHSE, Appellant

No. 05-13-00773-CV     V.

DAN WOOD, Appellee

On Appeal from the 298th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-12-00218-M.
Opinion delivered by Justice Bridges.
Justices Fillmore and Lewis participating.

     We withdraw this Court's opinion of February 20, 2014 and vacate this Court's judgment of that date. This is now the judgment of this Court.

     In accordance with this Court's opinion of this date, we **REVERSE** the trial court's May 23, 2013 order denying the City of Sachse's plea to the jurisdiction. Dan Wood's claim under the Texas Whistleblower Act is **DISMISSED** for want of jurisdiction.

     It is **ORDERED** that appellant CITY OF SACHSE recover its costs of this appeal from appellee DAN WOOD.

Judgment entered March 26, 2014

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE