In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-18-00363-CV**
_____

**SAMER SHOBASSY, Appellant**

**V.**

**CITY OF PORT ARTHUR, Appellee**

On Appeal from 172nd Judicial District Court
Jefferson County, Texas
Trial Cause No. E-198,231

**MEMORANDUM OPINION**

In this appeal, the appellant, Samer Shobassy, argues the trial court erred by granting the defendant's combined plea to the jurisdiction, no-evidence, and traditional motions for summary judgment, a pleading we refer to as the City's combined plea. After considering the evidence the parties filed in support and to oppose the combined plea, we conclude Shobassy failed to demonstrate that the trial

1

court erred in granting the City's combined plea challenging Shobassy's retaliatory discharge claims.[1] For the reasons explained below, we affirm.

## Background

Shobassy sued the City alleging the City fired him in retaliation for voicing his concerns with practices the City followed in hiring certain contractors. Shobassy started working for the City of Port Arthur as an assistant city attorney in October 2010. The City Attorney was responsible for supervising his work. Shobassy's responsibilities included advising the City about the relationship it had with its contractors. Over time, his responsibilities grew to include taking the lead on cases filed in municipal court and representing the City in arbitrations that were filed by police officers or firefighters. Although hired in 2010, Shobassy worked for the City for only about five years, ending when the City Attorney fired him in November 2015.

Just over a year after Shobassy started working for the City, other city employees began complaining to the City Attorney about the manner Shobassy had performed his work. For example, in 2012 and 2013, officers in the City's police and fire departments complained to the City Attorney that Shobassy appeared in certain arbitration proceedings for their departments but failed to adequately prepare

---

[1] *See* Tex. Const. art. I, § 8; Texas Whistleblower Act, Tex. Gov't Code Ann. §§ 554.001-.010.

2

witnesses to testify before presenting them in the proceedings. In March 2014, the City Attorney sent Shobassy a written memo outlining the concerns she had about how Shobassy was managing his responsibilities at work. For instance, the City Attorney noted that members of City Council and the City Manager had complained to her that he was not following the City's policies governing the hours that city employees were to be at work. Several months after sending the memo, the City Attorney complained that Shobassy had not complied with his duties in updating the office's project book and was not keeping her regularly informed about the status of the cases she had assigned to him.

In November 2015, the City Attorney invited Shobassy to a meeting. The sole purpose of the meeting, which occurred on November 13, was for the City Attorney to inform Shobassy that she had decided to fire him. The City Attorney invited two others to attend the meeting with her, the Chief of Police, and the City Manager. The meeting occurred on the date it was scheduled. The City Attorney, City Manager, Chief of Police, and Shobassy attended the meeting. In the meeting, the City Attorney handed Shobassy a notice, informing Shobassy he was being fired. The written notice, which the City Attorney prepared before coming to the meeting, explains why the City Attorney was firing Shobassy. The notice, which the City Attorney signed on November 13, explains the City Attorney fired Shobassy for four reasons: (1) he failed to follow-up on assigned tasks; (2) he failed to communicate

with her about the status of his assignments; (3) he failed to prepare witnesses to testify in arbitrations before he presented them to testify; and (4) he failed to assist the City Attorney in tasks that she assigned to him.[2]

As authorized by the City's personnel manual, Shobassy chose to appeal the City Attorney's decision to a committee authorized to hear an employee's appeal from a decision adverse to the employee's employment. The committee conducted an evidentiary hearing in December 2015. Following the hearing, the committee upheld the City Attorney's decision to fire Shobassy for cause.

In March 2016, Shobassy sued the City in a district court, alleging the City violated his rights to free speech and fired him because he reported the City for hiring contractors without submitting their contracts to the competitive bid process, as required by Chapter 252 of the Local Government Code.[3] Chapter 252 provides that a municipality may not spend more than $50,000 with a contractor on a governmental project unless the municipality first puts the work out for a bid following one of the procedures municipalities must follow when hiring

_____

[2] The notice contains signature blocks for several individuals, including a signature block for the City Manager's signature. But the City Manager did not sign the notice on November 13; instead, he signed the notice about two weeks after the meeting occurred.

[3] *See* Tex. Const. art. I, § 8; Tex. Loc. Gov't Code Ann. § 252.021.

contractors.[4] The Legislature made a knowing or intentional violation of Chapter 252 punishable as a Class B or C misdemeanor.[5]

In his suit, Shobassy asked the trial court to reinstate him to his position with the City and to award damages based on his claim that the City retaliated against him by firing him because he reported the City to law enforcement based on the practices it followed with certain independent contractors.[6]

In July 2018, the City filed a combined plea to the jurisdiction and motions for summary judgment. In its plea, the City asserted it was immune from the claims in Shobassy's suit because it terminated him for failing to adequately perform the duties of his job. In the no-evidence portion of its combined plea, the City argued that Shobassy could not produce any evidence to establish he was fired because he reported the City's practices with certain contractors to law enforcement. In other words, the City argued that Shobassy could produce no evidence linking its decision firing him to the reports he made to law enforcement officials because he made these reports after he learned he was being fired. In the traditional part of its plea, the City argued its decision was unrelated to the reservations Shobassy expressed to the City

---

[4] *Id.*
[5] *See id.* § 252.062.
[6] *See* Tex. Const. art. I, § 8; Tex. Gov't Code Ann. § 554.002.

Manager and the City Attorney about how the City was handling its relationships with certain contractors.[7]

The City filed eleven exhibits to support its combined plea. The City's exhibits include an affidavit from the City Attorney, which states: "At the time I made my decision to terminate Mr. Shobassy, I was unaware of any information indicating that Mr. Shobassy had reported any alleged violation of law to any law enforcement authority or official[.]"

Shobassy filed a written response to the City's combined plea and motions, supported by many exhibits he attached to his response.[8] In his response, Shobassy argues the circumstantial evidence surrounding the City Attorney's decision to terminate him is sufficient to allow a jury to find that the City Attorney terminated him because he reported the City's practices to law enforcement. Shobassy filed several exhibits to support his response, which include emails Shobassy sent to the

---

[7] *See Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 770 (Tex. 2018) ("A jurisdictional plea may challenge the pleadings, the existence of jurisdictional facts, or both."); *Klumb v. Hous. Mun. Emps. Pension Sys*. 458 S.W.3d 1, 13 (Tex. 2015) ("While it is true that sovereign immunity does not bar a suit to vindicate constitutional rights, immunity from suit is not waived if the constitutional claims are facially invalid[.]") (internal citations omitted); *State v. Lueck*, 290 S.W.3d 876, 881-82 (Tex. 2009) (elements of Whistleblower Claim are jurisdictional facts and may be considered in deciding a plea to the jurisdiction).

[8] Shobassy's response does not reference section 554.0035 of the Government Code, the provision in the Whistleblower Act in which the Legislature waived immunity "to the extent of liability for relief allowed under this chapter for a violation of this chapter."

Jefferson County District Attorney's Office, the City of Port Arthur's Chief of Police, and the Department of Public Safety. All these emails, however, are dated days after the City Attorney notified Shobassy of her decision to fire him. That said, the emails reflect Shobassy's concern that the City's practices in hiring and paying certain contractors without sending those contracts out for bid violated Chapter 252.[9]

Nevertheless, in his response, Shobassy never suggested he reported the City and any city employees to law enforcement officials before November 13, the day he learned from the City Attorney that he was being fired. But Shobassy suggests that, because his termination was not effective until weeks after the City Attorney fired him, the jury had the right to decide that he was not terminated until after the date he reported his concerns with the City's practices involving certain contractors to the Chief of Police, the City Manager, and a Texas Ranger.

In September 2018, the trial court heard the City's combined plea. Following the hearing, the trial court found the combined plea had merit and should be granted. That same night, Shobassy moved to amend his pleadings. But the City filed written objections to Shobassy's request to amend. Less than a week after the City filed the objections, the trial court denied Shobassy's motion requesting leave to amend his

---

[9] Tex. Local Gov't Code Ann. § 252.062(a). Under this provision, a municipal employee "commits an offense if the officer or employee intentionally or knowingly makes or authorizes separate, sequential, or component purchases to avoid the competitive bidding requirements of Section 252.021."

petition. That same day, the trial court granted the City's combined plea. The trial court's order granting the City's combined plea and dismissing Shobassy's case contains no specific findings of fact specifying the ground or grounds it relied upon to grant the combined plea.

## Standard of Review

For convenience, we address Shobassy's second issue before addressing his first. In issue two, Shobassy argues the trial court erred in granting the City's combined plea. Since the trial court did not specify the basis for its ruling in its order, we will affirm the order dismissing the case if any of the grounds the City presented in its combined plea are supported by the record in the appeal.[10]

We begin by noting that "[g]overnmental immunity protects political subdivisions, such as cities, from suits against them" unless the immunity has been waived by the Legislature in a statute that waives the immunity using clear and unambiguous language.[11] Whether a trial court has subject-matter jurisdiction over a dispute is essential to the court's power to decide the case.[12] Whether subject-

---

[10] *See Neely v. Wilson*, 418 S.W.3d 52, 60 (Tex. 2013); *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000).

[11] *City of Conroe v. San Jacinto River Auth.*, 602 S.W.3d 444, 457 (Tex. 2020).

[12] *See Klumb,* 458 S.W.3d at 8.

matter jurisdiction exists is reviewed as a question of law, and a governmental entity can raise the challenge by filing a plea to the jurisdiction.[13]

The Legislature decides when it is appropriate to enact legislation waiving a governmental entity's immunity from suits for money damages.[14] Yet while the Legislature decides whether to enact a waiver, "'the judiciary has historically been, and is now, entrusted with defining the boundaries of [governmental immunity] and determining under what circumstances . . . immunity exists in the first instance.'"[15] For Whistleblower Act claims, the Legislature partially waived the immunity public employers enjoy from suits for damages but only "to the extent of liability for the relief allowed under this chapter for a violation of this chapter."[16]

A governmental entity's claim alleging immunity from suit implicates a court's subject-matter jurisdiction, the authority the Legislature gave to the courts to resolve disputes on their merits.[17] Since a court's ruling that it does not have jurisdiction to decide a case presents a question of law, we review the decision de novo.[18] In a case in which the parties present evidence supporting a challenge to the

---

[13] *Id.*

[14] *City of Conroe*, 602 S.W.3d at 457.

[15] *Id.* (quoting *Wasson Interests, Ltd. v. City of Jacksonville,* 489 S.W.3d 427, 432 (Tex. 2016)).

[16] Tex. Gov't Code Ann. § 554.0035.

[17] *See EBS Sols, Inc. v. Hegar*, 601 S.W.3d 744, 749 (Tex. 2020).

[18] *Sampson v. Univ. of Tex. at Austin*, 500 S.W.3d 380, 384 (Tex. 2016); *Klumb*, 458 S.W.3d at 8.

court's jurisdiction and the challenge the governmental entity makes implicates the merits of the case, we "take as true all evidence favorable to the plaintiff, indulging every reasonable inference and resolving any doubts in the plaintiff's favor."[19] If the pleadings and evidence show fact issues exist over the facts required to uphold jurisdiction, we must allow the case to proceed so the disputed facts may be resolved.[20] But if the evidence pertaining to the jurisdictional facts is undisputed, the motion to dismiss must be decided based on its merits.[21] And the court must reach the merits of a motion challenging the court's jurisdiction to hear the case if the evidence relevant to the court's jurisdictional inquiry fails to show that fact issues must be resolved by a jury in a trial to decide the facts pertaining to whether the court has subject-matter jurisdiction over the dispute.[22]

Among its arguments, the City asserts the pleadings and evidence fail to demonstrate that issues of material fact exist on Shobassy's allegation that the City terminated him because he reported the City's practices with certain contractors to law enforcement officials. Stated another way, the City suggests no evidence links Shobassy's reports to law enforcement officials to the City Attorney's decision to

---

[19] *Sampson*, 500 S.W.3d at 384.
[20] *Id.*
[21] *Id.*
[22] *Id.*

fire him because he learned about her decision before he ever raised his concerns about the City's practices to law enforcement.[23]

In its argument, the City note the limited nature of the waiver of immunity in the Whistleblower Act, which allows public employees who suffer adverse employment decisions to file a whistleblower claims against the public entity that employed them.[24] The City notes that the waiver applies only "to the extent of liability for the relief allowed under this chapter for a violation of this chapter."[25] It concludes the waiver does not apply in Shobassy's case because Shobassy cannot prove that he was fired because he reported his concerns about the City's practices with certain contractors to law enforcement officials when the City Attorney could not have known about reports that, when she fired him, had not yet occurred.

Whistleblower Claim

To establish liability on a whistleblower claim, the public employee must prove the governmental entity retaliated against him because he, in good faith, reported a violation of law by either the employer or another public employee to an appropriate law enforcement official, someone the employee reasonably believed

---

[23] *See Clark*, 544 S.W.3d at 770; *Andrade v. NAACP of Austin*, 345 S.W.3d 1, 11 (Tex. 2011); *City of Beaumont v. Bouillion*, 896 S.W.2d 143, 147-150 (Tex. 1995).

[24] Tex. Gov't Code Ann. § 554.0035.

[25] *Id.*

possessed the authority needed to investigate his complaint.[26] That said, a governmental employer has not engaged in retaliatory discharge when an employee reports activities of the employer or other public employees to law enforcement officials unless the evidence shows the employer's decision "would not have occurred when it did had the report not been made."[27] For that reason, "[t]o recover against a government employer, the employee must establish that the employer imposed the personnel action because the employee made the report."[28] Stated another way, the employee must show that the fact of the report of the alleged illegal activity to law enforcement "was a but-for cause of the termination[.]"[29]

When it ruled, the trial court did not provide the parties with written findings to explain why it granted the City's combined plea. The parties disagree about whether the evidence before the trial court shows that an issue of material fact exists linking Shobassy's termination to the reports he began making to law enforcement officials after learning he had been fired. On a record that shows the City Attorney

---

[26] *Id.* § 554.002 (requiring the report to be made to a law enforcement authority that is authorized to regulate or enforce the law as to the conduct that is the subject of the report or to investigate or prosecute a violation of criminal law); *see Lueck*, 290 S.W.3d at 881 (concluding "the elements of section 554.002(a) can be considered as jurisdictional facts, when it is necessary to resolve whether a plaintiff has alleged a violation under the Act").

[27] *Tex. Dep't of Human Servs. v. Hinds*, 904 S.W.2d 629, 637 (Tex. 1995).

[28] *Office of the Attorney Gen. of Tex. v. Rodriguez*, 605 S.W.3d 183, 191 (Tex. 2020) (cleaned up).

[29] *Id*. at 198.

12

fired Shobassy before he reported his concerns over the practices the City was following with certain contractors to anyone in law enforcement, we are not surprised that Shobassy's cannot point to any direct evidence in the record to support his allegation claiming he was terminated because he made these reports. Like the trial court, we find there is no evidence in the record to link Shobassy's reports to City Attorney's decision to fire him on November 13 to the reports he made later to the Chief of Police, the District Attorney's Office, or the Texas Rangers. Shobassy's argument, that the proximity between two events without more raises an inference of causation, makes no sense given the undisputed sequence of events that occurred.

We conclude the proximity between the events offers no support for Shobassy's claim that a jury could reasonably find facts that did not exist—reports he had not yet made—caused the City Attorney to fire him. While circumstantial evidence—when relevant—may support an inference of causation, it does not do so when the record shows that the City, through the City Attorney, informed Shobassy of the City's decision to fire him before the City Attorney, his supervisor, could have known of reports he had not yet made to officials in law enforcement.[30]

In his brief, Shobassy suggests that in analyzing causation, we should look to the information the City had in its possession as of the date the City's termination

---

[30] *See City of Fort Worth v. Zimlich*, 29 S.W.3d 62, 69 (Tex. 2000); *Alief Indep. Sch. Dist. v. Perry*, 440 S.W.3d 228, 239 (Tex. App.—Houston [14th Dist.] 2013, pet. denied).

became final rather than the date he learned of a decision that could have changed after November 13. By late November, taking Shobassy's evidence as true, he had reported his concerns about the City's hiring practices to law enforcement.

Shobassy presumes that a jury could have reasonably found the City Attorney would not have fired him had he never reported his concerns to law enforcement. But his argument is logically flawed, as the evidence conclusively established she had already decided to fire him for reasons wholly unrelated to his decision to reveal his concerns to law enforcement officials after he learned he was being fired. And here, the evidence conclusively established the City Attorney is the person who made the decision and the person who had the authority to terminate him from his position as an assistant city attorney.

For instance, in his live pleadings, Shobassy alleged the "City Manager is without any authority to appoint or hire, or fire the Assistant City Attorney." None of the evidence contradicted this allegation. In an affidavit signed by the City Attorney, which the City included with its combined plea, the City Attorney swore Shobassy worked under her "direct supervision[.]" She explained she is the person who had the authority to discipline him and if necessary, to terminate his employment. The City Attorney's deposition, obtained during discovery, shows Shobassy worked for the City Attorney and she is the person who was authorized to fire him. When asked about the role the City Manager played in the decision,  the

14

City Attorney responded: "He just signs off on it for administrative purposes. I fired him." Thus none of the evidence the parties filed in the trial court raised issues of fact that would have allowed a jury to decide the City Attorney was not the person who fired Shobassy. While it's true that the decision was subject to an administrative appeal under procedures that applied to the City, the appeal was to a committee established under the City's civil service policies. Like the trial court, the committee found the City Attorney fired Shobassy for cause.

We conclude Shobassy produced no evidence to support his allegation claiming the City fired him because he reported the City's practices on hiring certain contractors to law enforcement. Stated another way, the reports Shobassy relied on could not have been a but-for cause explaining why he was fired. To the extent Shobassy argues the trial court erred by dismissing his whistleblower claim, we overrule the issue.[31]

## Free Speech Claim

The rest of Shobassy's arguments in issue two challenge the ruling the trial court made dismissing his free speech claim. Article I, section 8 of the Texas Constitution provides that "[e]very person shall be at liberty to speak, write or

---

[31] Having decided that Shobassy failed to establish a fact issue exists on causation, we need not address Shobassy's remaining arguments addressing alleged errors in the trial court's ruling on his whistleblower claim. *See* Tex. R. App. P. 47.1 (requiring the opinion the appellate court issues to address only the issues required to explain the appellate court's ruling in the appeal).

15

publish his opinions on any subject, being responsible for the abuse of that privilege; and no law shall ever be passed curtailing the liberty of speech or of the press."[32] Except for prior restraints of speech, the Texas Constitution's free-speech clause does not give an individual greater rights than those enjoyed by citizens under the United States Constitution.[33] Thus, to prevail on a protected free-speech retaliation claim, the plaintiff who sues must show (1) the plaintiff engaged in constitutionally protected speech, and (2) after engaging in constitutionally protected speech, the defendant that employed the plaintiff retaliated against the plaintiff by making a decision adverse to the plaintiff's employment .[34]

In his live pleading, which consists of Shobassy's first amended petition, Shobassy alleged he "exercised protected speech under Article One, Section 8 of the Texas Constitution when he reported to the District Attorney…the City Manager, and the Chief of Police potential government fraud, waste and abuse." Given the allegations in the City's combined plea, Shobassy needed to respond to the plea by producing enough evidence to show that a reasonable factfinder could find the City

---

[32] Tex. Const. art. I, § 8.

[33] *See generally Tex. Dep't of Transp. v. Barber*, 111 S.W.3d 86, 106 (Tex. 2003); *Operation Rescue-Nat'l v. Planned Parenthood of Houston & Se. Tex., Inc.*, 975 S.W.2d 546, 557-60 (Tex. 1998); *Jones v. Port Arthur Indep. Sch. Dist.*, No. 09-16-00374-CV, 2018 Tex. App. LEXIS 4817, at *10 (Tex. App.—Beaumont June 28, 2018, no pet.) (mem. op.).

[34] *Bd. of Cty. Comm'rs, Wabaunsee Cty., Kan. v. Umbehr*, 518 U.S. 668, 675 (1996).

violated "a right secured by the Constitution or laws of the United States" and that "the alleged deprivation was committed by a person acting under color of state law."[35]

Courts use three factors to decide whether speech relied on by a public employee should be classified as protected speech under the Constitution. First, we look to see whether the employee spoke while acting under his official duties.[36] If so, the speech is not protected because "[r]estricting speech that owes its existence to a public employee's professional responsibilities does not infringe any liberties the employee might have enjoyed as a private citizen."[37] Second, if the speech that forms the basis of the plaintiff's claims did not involve his duties as a public employee, we examine the evidence relevant to whether the speech touched upon a matter of public concern.[38] Third, if the speech concerned a public matter, we then balance the employee's interest in expressing the concerns addressed in the speech that forms the basis of the plaintiff's suit against the public employer's interest in efficiently performing its services.[39]

---

[35] *See James v. Tex. Collin Cty.*, 535 F.3d 365, 373 (5th Cir. 2008) (cleaned up).

[36] *Davis v. McKinney*, 518 F.3d 304, 312 (5th Cir. 1998).

[37] *Garcetti v. Ceballos*, 547 U.S. 410, 421-22 (2006).

[38] *Davis*, 518 F.3d at 312.

[39] *Id.*

In its plea, the City alleged Shobassy spoke to other individuals employed by the City about his concerns over the practices the City followed when hiring certain contractors while acting within the scope of the duties he was given as an assistant city attorney. Shobassy produced no evidence contradicting the City's claim. Thus, Shobassy's speech to other city employees cannot be classified as constitutionally protected speech since the conversations occurred within the context of his duties as an assistant city attorney.[40][41]

Shobassy's remaining arguments suggest the City violated his constitutional right to free speech by firing him after he spoke to law enforcement officials. But Shobassy cannot rely on those conversations because the City made the decision and informed him of it before he ever spoke to any law enforcement officials. Because he contacted law enforcement officials after he was fired, his conversations with them could not have been a proximate cause of the City's decision to fire him. Like whistleblower claims, free speech claims also require proof of causation.[42]

Having addressed the arguments in Shobassy's brief that are relevant to explaining our resolution of his second issue, the issue is overruled.

---

[40] *See Garcetti,* 547 U.S. at 421-22; *Williams v. Dallas Indep. Sch. Dist.*, 480 F.3d 689, 693 (5th Cir. 2007) (per curiam).

[41] *See Lane v. Franks*, 573 U.S. 228, 240 (2014).

[42] *See Davis v. Dall. Indep. Sch. Dist*., 448 F. App'x 485, 494 (5th Cir. 2011); *Manning v. Chevron Chem. Co., LLC*, 332 F.3d 874, 883-84 (5th Cir. 2003).

Refusal to Grant Leave to Amend

In issue one, Shobassy argues the trial court erred in denying his request to amend his pleadings. The record shows that following the hearing on the City's combined plea, Shobassy moved to amend his pleadings. He attached a copy of the amended petition he proposed to file to his motion. The petition does not contain any new claims. Instead, by amending his petition, Shobassy sought to change some of the factual allegations relating to the claims he had already filed.

We resolved Shobassy's second issue on whether he produced enough evidence to allow a jury to link the City's decision to fire him to the reports he made to law enforcement officials. But amending factual allegations in his pleadings would not cure the fact that he produced no evidence to support his claims. For that reason, we need not address whether the trial court abused its discretion by denying his motion for leave to amend his petition.

Conclusion

We conclude the trial court did not err in granting the City's combined plea. We affirm the trial court's judgment dismissing Shobassy's suit.

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on April 3, 2020
Opinion Delivered November 19, 2020
Before McKeithen, C.J., Kreger and Horton, JJ.

19