

# NUMBER 13-19-00597-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

RAYMONDVILLE INDEPENDENT
SCHOOL DISTRICT,

Appellant,

v.

RUBEN RUIZ, Appellee.

## On appeal from the 197th District Court
of Willacy County, Texas.

# MEMORANDUM OPINION

**Before Justices Benavides, Longoria, and Tijerina
Memorandum Opinion by Justice Benavides**

By one issue, appellant Raymondville Independent School District (Raymondville ISD) challenges the trial court's denial of its plea to the jurisdiction. Raymondville ISD filed its plea to the jurisdiction in response to appellee Ruben Ruiz's employment termination lawsuit. We affirm.

## I.  BACKGROUND

This case arises from an alleged whistleblower claim. *See* TEX. GOV'T CODE ANN. § 554.002. Ruiz was employed as a truancy officer for Raymondville ISD. On May 17, 2018, Ruiz sent a letter to the Chief of Police for Raymondville ISD to file a complaint regarding a coworker. Ruiz addressed it to the Chief "as my immediate supervisor." In the letter, Ruiz detailed incidents he felt caused a hostile work environment due to an officer's comments about Ruiz and another employee and felt the officer was engaged in official oppression.

On May 25, 2018, Ruiz was notified that he was "dismissed from employment with Raymondville ISD." Ruiz subsequently filed a lawsuit against Raymondville ISD under § 554.002(a) of the Texas Government Code (the Texas Whistleblower Act). *See id.* § 554.002(a). Raymondville ISD invoked the defense of sovereign immunity and filed its plea to the jurisdiction, stating that Ruiz did not plead a claim that triggers the wavier of sovereign immunity.

Following a hearing, the trial court denied the plea to jurisdiction. This interlocutory appeal followed. *See* TEX. CIV. PRAC. & REM. CODE § 51.04(a)(8) (permitting an appeal from an interlocutory order that denies a plea to the jurisdiction by a governmental unit.)

## II.  PLEA TO THE JURISDICTION

By its sole issue, Raymondville ISD alleges the trial court erred in denying its plea to the jurisdiction because Ruiz did not establish a waiver of Raymondville ISD's immunity.

**A.      Standard of Review**

The State and other state agencies are immune from suit and liability in Texas unless the Legislature expressly waived sovereign immunity. *State v. Lueck*, 290 S.W.3d 876, 880 (Tex. 2009); *see also* TEX. GOV'T CODE ANN. § 311.034 ("A statute shall not be construed as a waiver of sovereign immunity unless the waiver is effected by clear and unambiguous language."). Sovereign immunity implicates a court's subject matter jurisdiction. *Engleman Irrigation Dist. v. Shields Bros., Inc.*, 514 S.W.3d 746, 755 (Tex. 2017). A statute waives immunity from suit, immunity from liability, or both. *See Tex. Dep't of Parks and Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004). Immunity from suit is a jurisdictional question of whether the State has expressly consented to suit. *Lueck*, 290 S.W.3d at 880. On the other hand, immunity from liability determines whether the State has accepted liability even after it has consented to suit. *Id.* In some statutes, immunity from suit and liability are co-extensive, whereby immunity from suit is waived to the extent of liability. *Id.*

Sovereign immunity from suit is properly asserted when the State files a plea to the jurisdiction. *Miranda*, 133 S.W.3d at 225–26. In contrast, immunity from liability is an affirmative defense that cannot be raised by a plea to the jurisdiction. *Lueck*, 290 S.W.3d at 880. However, when the facts underlying the merits and subject matter jurisdiction are intertwined, the State may assert sovereign immunity from suit by a plea to the jurisdiction, even when the trial court must consider evidence "necessary to resolve the jurisdictional issues raised." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000); *see also Miranda*, 113 S.W.3d at 223–24.

When, as in this case, a jurisdictional challenge to a Whistleblower Act claim challenges the existence of one or more elements of the claim, the challenge must be denied if the evidence, viewed in the light most favorable to the nonmovant, creates a genuine issue of material fact as to each of the challenged elements. *See Town of Shady Shores v. Swanson*, 590 S.W.3d 544, 552 (Tex. 2019) (explaining that when a challenged to jurisdiction that implicates the merits is properly made and supported, "the plaintiff will be required to present sufficient evidence on the merits of [his] claims to create a genuine issue of material fact"). We review the trial court's ruling on the challenge under a de novo standard of review. *Id.*; *see Tex. Health & Human Servs. Comm'n v. Vestal*, No. 03-19-00509-CV, 2020 WL 7252320, at *2 (Tex. App.—Austin Dec. 10, 2020, no pet.) (mem. op.).

## B.     Applicable Law and Discussion

In its brief, Raymondville ISD alleges that Ruiz failed to make a good faith report of a violation of a law and failed to make a report to an appropriate law enforcement authority for the purposes of a whistleblower claim.

The Texas Whistleblower Act, contained in § 554.002 of the government code, states:

> (a)     A state or local governmental entity may not suspend or terminate the employment of, or take other adverse action against, a public employee who in good faith reports a violation of law by the employing governmental entity or another public employee to an appropriate law enforcement authority.

> (b)     In this section, a report is made to an appropriate law enforcement authority if the authority is part of a governmental entity or of the federal government that the employee in good faith believes is authorized to:

4

>    (1)     regulate under or enforce the law alleged to be violated in the
>            report; or
>
>    (2)     investigate or prosecute a violation of criminal law.

TEX. GOV'T CODE ANN. § 554.002. To satisfy this requirement, a plaintiff seeking the Texas Whistleblower Act's protection must prove that the report was made to an appropriate law enforcement authority or that the employee had a good faith belief that it was. *Tex. Dep't of Transp. v. Needham*, 82 S.W.3d 314, 320 (Tex. 2002). An employee's belief is in good faith if: (1) the employee believed that the governmental entity qualified, and (2) the employee's belief was reasonable in light of the employee's training and experience. *Id.* at 321. While the first element is subjective, the second element is an objective one: the reporting employee only receives Whistleblower Act protection if a reasonably prudent employee in similar circumstances would have believed the governmental entity to which he reported a violation of law was an appropriate authority. *Id.* at 320–21.

An authority's power to discipline its own or investigate internally does not support a good-faith belief that it is an appropriate law enforcement authority. *Univ. of Tex. Sw. Med. Ctr. v. Gentilello*, 398 S.W.3d 680, 686 (Tex. 2013). Instead, the authority must have outward-looking powers. *McMillen v. Tex. Health & Human Serv. Comm'n.*, 485 S.W.3d 427, 429 (Tex. 2016). "It must have the authority to enforce, investigate, or prosecute violations of law against third parties outside of the entity itself, or it must have authority to promulgate regulations governing the conduct of such third parties." *Gentilello*, 398 S.W.3d at 686. Under the Act, the authority's power to "regulate under" or "enforce" must pertain to "the law alleged to be violated in the report." TEX. GOV'T CODE ANN.

5

§ 554.002(b)(1).

Because "the particular law the public employee reported[ly] violated is critical to the determination" of whether the authority is an appropriate law enforcement authority, we begin by examining the statute, which prompted Ruiz's complaint that a Raymondville ISD police officer violated allegedly violated. *See McMillen*, 485 S.W.3d at 429 (quoting *Needham*, 82 S.W.3d at 320). Ruiz argues that the officer's action fell under the provisions of official oppression. *See* TEX. PENAL CODE ANN. § 39.03. Official oppression is defined as follows:

> (a) A public servant acting under color of his office or employment commits an offense if he:
>
>   (1) intentionally subjects another to mistreatment or to arrest, detention, search, seizure, dispossession, assessment, or lien that he knows is unlawful;
>
>   (2) intentionally denies or impedes another in the exercise or enjoyment of any right, privilege, power, or immunity, knowing his conduct is unlawful; or
>
>   (3) intentionally subjects another to sexual harassment.

*Id.*

Ruiz believed the behavior he reported to his superior constituted official oppression. Ruiz's letter stated the officer in question asked other officers to take photographs of Ruiz and another employee, that the officer reported Ruiz to the Chief when he changed the parking procedures at an event he worked, and repeatedly told other officers that Ruiz was a "nobody" in the department. Ruiz stated he felt that the officer's behavior conflicted with the employee handbook's requirement that employees "were expected to work together in a cooperative spirit . . . and be courteous to one

6

another."

We conclude that Ruiz could have believed that the officer's treatment of him constituted "mistreatment" as contained in the official oppression statute. *See Ryser v. State*, 453 S.W.3d 17, 26 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd) (stating that "mistreatment is not defined by statute"). Based on the evidence attached to the parties' responses in the trial court, other employees of Raymondville ISD stated that the behavior complained of could be oppressive behavior. Therefore, there was evidence of a good faith belief on the part of Ruiz and genuine issue of material fact on this requirement. *See Town of Shady Shores*, 590 S.W.3d at 552.

The Whistleblower Act also required Ruiz to make his complaint to an appropriate law enforcement authority. Even though he reported it to the Chief of Police as his "immediate supervisor," the Raymondville ISD Police Department has "outward-looking powers" and the authority to enforce and investigate violations of the Texas Penal Code, including oppressive conduct. *See McMillen,* 485 S.W.3d at 429; *Gentilello*, 398 S.W.3d at 686. Raymondville ISD Police Department qualifies as an "appropriate law enforcement authority" under the Texas Whistleblower Act because it had the authority to investigate the violation of criminal law alleged by Ruiz. *See* TEX. GOV'T CODE ANN. § 554.002(b)(2).

The trial court did not err in denying Raymondville ISD's plea to the jurisdiction. Here, there was enough evidence to establish Ruiz acted under a good faith belief and there was evidence presented to the trial court that showed a genuine issue of material fact. *See Town of Shady Shores*, 590 S.W.3d at 552. We overrule Raymondville ISD's sole issue.

7

### III. CONCLUSION

We affirm the trial court's ruling.

GINA M. BENAVIDES
Justice

Delivered and filed on the
4th day of March, 2021.