**Reversed and Rendered and Memorandum Opinion filed January 26, 2023.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-22-00153-CV

---

## HOUSTON INDEPENDENT SCHOOL DISTRICT, Appellant

## V.

## RAMIRO FLOREZ, Appellee

---

### On Appeal from the 152nd District Court
### Harris County, Texas
### Trial Court Cause No. 2018-37398

---

## M E M O R A N D U M   O P I N I O N

Appellee Ramiro Florez sued appellant Houston Independent School District ("HISD") and asserted that he was terminated in retaliation for reporting standardized testing violations. The trial court denied HISD's plea to the jurisdiction and HISD filed this interlocutory appeal. For the reasons below, we reverse the trial court's denial of HISD's plea and render judgment dismissing Florez's suit for want of jurisdiction.

BACKGROUND

*Underlying Facts*

The events underlying Florez's claim involve protocols governing the administration of Texas's standardized test (the "STAAR test") at Fondren Elementary.

In October 2017, Florez was hired as an instructional reading specialist at Fondren. Tabitha Dudley was the principal at Fondren during Florez's employment.

On April 11, 2018, the students at Fondren were taking the STAAR test. Two teachers at the school reported to Principal Dudley an incident involving Florez, which Dudley described as follows:

> [An] incident that caused me significant concern . . . occurred on April 11, 2018, where Mr. Florez used his master key to unlock the office door of the school's STAAR Testing Coordinator, Ms. Chantel Pearl, and entered her office while she and another employee, Sharonda Easter, were arranging STAAR testing materials. It was reported to me that Mr. Florez was walking around Ms. Pearl's office with his cell phone, which caused Ms. Pearl and Ms. Easter significant concern.

Principal Dudley sent a memorandum to Florez reporting the security violation and asking him to "correct these deficiencies and take immediate steps to improve your ability to meet the expectations set at Fondren." Florez refused to sign the memorandum and added a handwritten paragraph stating: "This memo is absolutely false and it is just one more adverse action against me."

On April 27, 2018, Florez faxed a letter to Principal Dudley, interim HISD superintendent Grenita Lathan, HISD area superintendent Dr. Erick Pruitt, Texas Education Agency Commissioner Mike Morath, and HISD police, which stated as

follows:

> Dear People;
>
> I am Ramiro Florez, an HISD Instructional specialist/administrator, and I believe that on April 11, 2018, I witnessed two teachers at Fondren Elementary behaving suspiciously and probably altering test answers on the 2018 STAAR test in Room T-16. I am not liked by Prin. Dudley. I believe that she will say that I am a disgruntled employee. I am not.
>
> What I saw on April 11, 2018 in Room T-16, when I heard noises in the room, entered and surprised two persons, Ms. Pearl (Teacher Specialist) and Ms. Easter (Teacher) with pencils and test answer booklets in their hands, was suspicious, but not fully appreciated by me until yesterday.
>
> In other words, I did not put it all together until responding to an April 26, 2018 memo when Prin. Dudley falsely stated that I had breached testing security by entering that room, T-16 after school, about 4:10 p.m. I suddenly realized that Prin. Dudley was probably going to scapegoat me again to protect her more favored teachers.
>
> I believe in good faith that Ms. Dudley was aware of what was happening in T-16 and that the two teachers were probably altering student test answers.

Fax confirmations offered into evidence showed that the fax to Principal Dudley failed; however, the faxes to the other recipients were successfully transmitted.

Approximately two weeks later, Principal Dudley scheduled a conference with Florez and told him that his position as an instructional reading specialist was being eliminated due to budget constraints. Florez's employment with HISD was officially terminated in July 2018.

### *Procedural History*

Florez sued HISD in June 2018. In his amended petition, Florez asserted a violation of the Texas Whistleblower Act and discrimination and retaliation claims under Chapter 21 of the Texas Labor Code. In his third amended petition, Florez

added claims arising under the Texas Constitution.

HISD filed a plea to the jurisdiction in June 2021, asserting that governmental immunity barred Florez's claims. The trial court ordered Florez to respond to the plea, but Florez failed to file a response. The trial court granted HISD's plea.

Florez filed a motion for new trial, asserting that his failure to respond to HISD's plea was due to his attorney's health issues. The trial court granted Florez's motion and the case was reinstated. HISD filed an amended plea to the jurisdiction. Florez filed a third amended petition and a response to HISD's plea. Florez did not attach exhibits to his jurisdictional response and incorporated by reference those exhibits attached to his new trial motion.

On February 22, 2022, the trial court signed an order denying HISD's plea to the jurisdiction. HISD timely filed this interlocutory appeal. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8).

## ANALYSIS

In his live petition, Florez asserted (1) a retaliation claim under the Texas Whistleblower Act, (2) discrimination and retaliation claims under Chapter 21 of the Texas Labor Code, and (3) violations of the Texas Constitution's due process guarantees. HISD's plea to the jurisdiction sought judgment in its favor on all claims.

In his response to HISD's appellate brief, Florez affirmatively abandoned his claims premised on Chapter 21 and the Texas Constitution.[1] Accordingly, we address only those jurisdictional issues relevant to Florez's retaliation claim under

---

[1] Specifically, Florez stated that he "no longer desires to pursue th[ese] additional theories of recovery and limits his claim to the Whistleblower Act."

4

the Texas Whistleblower Act.[2]

## I. Standard of Review and Governing Law

Governmental units, including school districts, are immune from suit unless the state waives immunity. *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 770 (Tex. 2018). Immunity from suit may be asserted through a plea to the jurisdiction that challenges the pleadings, the existence of jurisdictional facts, or both. *Id.* We review a trial court's disposition of a plea to the jurisdiction *de novo*. *City of Houston v. Houston Mun. Emps. Pension Sys.*, 549 S.W.3d 566, 575 (Tex. 2018).

Here, where HISD challenged the existence of jurisdictional facts with supporting evidence, our standard of review mirrors that of a traditional summary judgment. *See Alamo Heights Indep. Sch. Dist.*, 544 S.W.3d at 771. If the evidence creates a fact question regarding jurisdiction, then the plea must be denied and the fact issue resolved by the factfinder. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 227-28 (Tex. 2004). But if the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law. *Id.* at 228.

In reviewing the jurisdictional evidence, we take as true all evidence favorable to the nonmovant. *Id.* We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Id.*

---

[2] *See Morath v. Lewis*, 601 S.W.3d 785, 787-88 (Tex. 2020) (per curiam) (noting that a "plaintiff's right to take a nonsuit is unqualified and absolute as long as the defendant has not made a claim for affirmative relief," the court held that "a plaintiff's right to abandon its claims does not disappear when trial court proceedings are stayed pending interlocutory appeal") (internal quotation omitted); *see also, e.g.*, *City of Beaumont Police Dep't v. Klein Investigations & Consulting*, No. 09-11-00614-CV, 2012 WL 403865, at *1 (Tex. App.—Beaumont Feb. 9, 2012, no pet.) (mem. op.) (after the defendant appealed the denial of its plea to the jurisdiction, the plaintiff abandoned some of its claims on appeal).

5

The Texas Whistleblower Act ("TWA") waives an employing entity's immunity from an employee's suit alleging a violation of its provisions. Tex. Gov't Code Ann. § 554.0035. Specifically, the TWA states that:

> [a] state or local governmental entity may not suspend or terminate the employment of, or take other adverse personnel action against, a public employee who in good faith reports a violation of law by the employing governmental entity or another public employee to an appropriate law enforcement authority.

*Id*. § 554.002(a). "[T]he elements of section 554.002(a) can be considered as jurisdictional facts, when it is necessary to resolve whether a plaintiff has alleged a violation under the [TWA]." *State v. Lueck*, 290 S.W.3d 876, 881 (Tex. 2009).

Here, our analysis of the TWA's jurisdictional elements focuses on causation.

To prove causation in a whistleblower case, a public employee must demonstrate that, after he reported a violation of law, he suffered discriminatory conduct by the employer that would not have occurred in the absence of the report. *City of Fort Worth v. Zimlich*, 29 S.W.3d 62, 67 (Tex. 2000). In other words, to prevail on a whistleblower claim, the employee must establish a "but for" causal nexus between the report of the illegal activity and the employer's prohibited conduct. *Galveston Cnty. v. Quiroga*, No. 14-18-00648-CV, 2020 WL 62504, at *5 (Tex. App.—Houston [14th Dist.] Jan. 7, 2020, no pet.) (mem. op.).

The TWA allows for a rebuttable presumption of a causal connection if the employee is terminated not later than 90 days after the reported violation of law. *See* Tex. Gov't Code Ann. § 554.004(a); *see also Juarez v. Tex. Legis. Council*, No. 14-20-00331-CV, 2022 WL 806054, at *5 (Tex. App.—Houston [14th Dist.] Mar. 17, 2022, no pet.) (mem. op.). This presumption does not shift the burden of proof and stands only in the absence of evidence to the contrary. *Patel v. Trevino*, No. 01-20-00445-

CV, 2022 WL 3720135, at *14 (Tex. App.—Houston [1st Dist.] Aug. 30, 2022, no pet. h.) (mem. op.) (applying presumption in the context of a plea to the jurisdiction). "Once sufficient evidence is produced to support a finding of the nonexistence of the causal connection between the termination and the reported violation of law, the presumption is rebutted, and the case then proceeds as if no presumption ever existed." *Id.*; *see also Juarez*, 2022 WL 806054, at *5 ("an employer rebuts the presumption by producing evidence sufficient to support a finding that the report did not cause the adverse action").

If the presumption is rebutted, the employee must produce some evidence to support a causal connection between the report made and the alleged retaliatory conduct. *Patel*, 2022 WL 3720135, at *15; *Juarez*, 2022 WL 806054, at *6. An employee need not prove that his reporting of the illegal conduct was the sole reason for the alleged adverse action and circumstantial evidence may be sufficient to establish this causal link. *Patel*, 2022 WL 3720135, at *15. Relevant circumstantial evidence may include: (1) knowledge of the reported illegal conduct; (2) expression of a negative attitude toward the employee's report of the illegal conduct; (3) failure to adhere to established company policies regarding employment decisions; (4) discriminatory treatment in comparison to similarly situated employees; and (5) evidence that the stated reason for the adverse employment action is false. *City of Fort Worth*, 29 S.W.3d at 69; *Harris Cnty. v. Vernagallo*, 181 S.W.3d 17, 25 (Tex. App.—Houston [14th Dist.] 2005, pet. denied).

The evidence presented to rebut the presumption must, at a minimum, "show that the person who took the adverse employment action knew of the employee's report of illegal conduct." *Tex. Health & Hum. Servs. Comm'n v. Vestal*, No. 03-19-00509-CV, 2020 WL 7252320, at *3 (Tex. App.—Austin Dec. 10, 2020, pet. denied) (mem. op.). "This is because the decision-maker could not fire an employee because

of the employee's report of alleged illegal conduct if the decision-maker did not even know the employee made such a report." *Id*.

## II.     Evidence and Analysis

As the following timeline shows, the evidence in the trial court demonstrated that Florez was terminated within 90 days after he reported the alleged violation of law:

- April 27, 2018     Florez reported the illegal conduct.

- May 8, 2018       Principal Dudley sent Florez a memorandum entitled "Directive to Attend Conference for the Record"; the conference was scheduled for May 17, 2018. The memorandum states that the conference is to discuss the "program change" and informs Florez that he may bring "a representative of [his] choosing."

- May 17, 2018      Principal Dudley sent Florez a "Conference Summary" stating that Florez's position was eliminated "due to budget constraints" and that he "would no longer have a position at Fondren ES for the 2018-2019 school year."

- May 17, 2018      Principal Dudley sent a memorandum to HISD's chief human resources officer recommending that the district terminate Florez's employment "due to budget constraints."

- May 22, 2018      A member of HISD's human resources department sent a letter to Florez officially notifying him that his employment with HISD was terminated effective July 3, 2018.

Accordingly, Florez is entitled to the rebuttable presumption of a causal connection between his report of the alleged violation of law and his subsequent termination. *See* Tex. Gov't Code Ann. § 554.004(a); *Juarez*, 2022 WL 806054, at *5.

8

HISD presented the following evidence to rebut the presumption's application:

- The following documents discussing the elimination of Florez's position state that the change was made due to "budget constraints": (1) the May 17, 2018 "Conference Summary" from Principal Dudley to Florez; (2) the May 17, 2018 memorandum from Principal Dudley to HISD's chief human resources officer; and (3) the May 22, 2018 letter from HISD's human resources department to Florez.

- In her affidavit, Principal Dudley stated that Florez's position was eliminated due to "a reduction in the school's budget." Dudley stated that she made the decision to eliminate Florez's position at an April 13, 2018 meeting — which took place before Florez sent the April 27, 2018 letter reporting the alleged STAAR testing violation.

- The affidavit from Dr. Rona Simmons, HISD school support officer, stated that Principal Dudley recommended that Florez's position be eliminated "due to budget constraints." Dr. Simmons stated that she had the authority to approve or deny Principal Dudley's recommendation. According to Dr. Simmons, she did not know that Florez had reported any STAAR testing violations when she approved Principal Dudley's recommendation.

- Florez's April 27, 2018 letter reporting the alleged STAAR testing violations was addressed to Principal Dudley, amongst other recipients. However, the "fax confirmations" Florez submitted into evidence show that the fax to Principal Dudley failed.

- At his deposition, Florez said he did not know if Principal Dudley received the fax. Florez said he never spoke to Principal Dudley about the letter.

After HISD submitted this evidence, the burden shifted to Florez to produce some evidence to support a causal connection between his report and subsequent termination. *See Patel*, 2022 WL 3720135, at *15; *Juarez*, 2022 WL 806054, at *6. However, Florez did not produce any evidence to support this finding. Specifically, Florez did not present any evidence showing that (1) Principal Dudley knew Florez reported the alleged STAAR testing violation, (2) Principal Dudley

failed to adhere to policies regarding employment decisions, (3) Florez was treated differently in comparison to similarly situated employees, or (4) the stated reason for Florez's termination was false. *See City of Fort Worth*, 29 S.W.3d at 69; *Harris Cnty.*, 181 S.W.3d at 25.

In sum, we agree with HISD and conclude that Florez failed to produce any evidence to raise an issue of fact with respect to the causal connection element of his whistleblower claim. Therefore, the trial court erred when it denied HISD's plea to the jurisdiction. Given our disposition of this issue, we need not address HISD's other challenges to Florez's whistleblower claim.

## CONCLUSION

We reverse the trial court's denial of HISD's plea to the jurisdiction and render judgment dismissing Florez's suit for want of subject matter jurisdiction.


/s/    Meagan Hassan
Justice

Panel consists of Chief Justice Christopher and Justices Wise and Hassan.

10