**Reverse and Remand and Opinion Filed May 15, 2023**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-22-00650-CV

### TRISA CRUTCHER A/K/A TRISA ST. CLAIR, Appellant
### V.
### CITY OF FORT WORTH, Appellee

**On Appeal from the 193rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-20-16941**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Reichek, and Miskel
Opinion by Justice Reichek

In this Texas Whistleblower Act case, Trisa Crutcher appeals the trial court's order granting the City of Fort Worth's plea to the jurisdiction and dismissing the claims in her original petition with prejudice. Because the trial court determined that governmental immunity had not been waived based on the allegations in Crutcher's original petition when Crutcher had timely amended her whistleblower allegations, we reverse and remand.

## Background

Crutcher worked for the City in the Fort Worth Crime Lab as a forensic scientist from November 2011 to April 2021, when she was fired. Her job duties included screening evidence for the presence of biological material, performing DNA testing and analysis, and testifying in criminal trials about her findings. In November 2020, while still working for the crime lab, she filed her original petition against the City under the Texas Whistleblower Act. She alleged the crime lab violated the law in several ways. Many of her allegations involve a DNA Submission Form used to request DNA testing and authorize consumption of evidence. Crutcher asserted crime lab policies and procedures required the form to be completed by the "Investigating Detective/Officer." Instead, according to Crutcher, the form was routinely completed by crime lab employees. She contended this amounted to tampering with and falsifying government documents. She also asserted the crime lab's failure to disclose the irregularities with the form to the Tarrant County District Attorney's office and defense counsel in criminal proceedings amounted to *Brady* violations. Crutcher alleged she reported the City's violations of the law in good faith to appropriate law enforcement agencies and the City retaliated against her for doing so. She claimed the City took adverse personnel action against her on April 7, 2020, when it gave her a written warning on a Disciplinary Action Form, and also on June 8, 2020, when the City placed her on

administrative leave while it investigated her "failure to perform work in a satisfactory manner."[1]

On January 11, 2021, the trial court issued a level 2 uniform scheduling order, setting the case for trial in November 2021.

While the lawsuit was pending, on March 26, 2021, the City placed Crutcher on administrative leave for a second time. The letter notifying Crutcher of the leave indicated the City was considering terminating her employment because she could no longer perform some of the essential functions of her job, such as testifying in court. The District Attorney's office determined "*the potential of calling [her] as a witness . . . is problematic, due to the allegations that she has made against the Crime Lab*." (Emphasis in original.) The City fired Crutcher five days later, on April 1, 2021.

At some point, the parties realized they needed a level 3 scheduling order. In September 2021, Crutcher filed an agreed motion for continuance and motion for level 3 scheduling order. She submitted a new proposed scheduling order, agreed to in writing by counsel for both parties. The trial court did not take any action on the motion. On December 13, 2021, the City moved for entry of an amended scheduling order, noting that many deadlines in the uniform scheduling order had passed. The City submitted another proposed scheduling order, which included the same

---

[1] Crutcher's pleadings alleged other adverse personnel actions, but these are the only two adverse actions in her original petition she raises on appeal.

deadlines previously agreed to by the parties. Crutcher, however, no longer agreed to that schedule because she wanted some deadlines to be later. The next day, the trial court signed the amended scheduling order submitted by the City. The new scheduling order set a deadline of September 17, 2021, which had already expired, for amended pleadings asserting new causes of action and a deadline of Sunday April 24, 2022 for all other amended pleadings. Trial was set for September 2022.

On March 1, 2022, the City filed its plea to the jurisdiction. The City contended that its governmental immunity was not waived because Crutcher's original petition and jurisdictional facts did not allege a violation of the Texas Whistleblower Act. The City argued Crutcher had not sufficiently alleged an adverse personnel action; it claimed the April 7, 2020 disciplinary action was barred by limitations and the first administrative leave did not qualify as an adverse personnel action. The City also argued Crutcher did not make a good faith report of a violation of law to an appropriate law enforcement agency.

On Saturday April 23, 2022, Crutcher electronically filed an amended petition, reasserting her claim under the Texas Whistleblower Act. The alleged violations of law by the City remained the same. Among the amendments was the addition of two personnel decisions that occurred subsequent to the filing of her original petition—the second administrative leave and the termination of her employment. In addition, she asserted for the first time a claim under the Texas

Labor Code for gender and pregnancy discrimination. The same day she filed her amended petition, Crutcher also responded to the plea to the jurisdiction.

The trial court held a hearing on the City's plea to the jurisdiction on May 2, 2022. During the hearing, the City noted that Crutcher's response to the plea referenced her amended petition, not her original petition. The City argued the amended petition was untimely because Crutcher did not meet the September 2021 deadline in the amended scheduling order for amended pleadings alleging new claims. Crutcher responded that the whistleblower claim asserted in the amended petition was not a new cause of action and thus she met the relevant deadline. The trial court took the plea to the jurisdiction under advisement.

At the hearing, the judge stated she did not mean to sign the amended scheduling order because it "was not agreed." That day the trial court signed an order vacating its December 14, 2021 amended scheduling order. The court ordered that the January 11, 2021 uniform scheduling order controlled the schedule for the case.

The City moved to strike Crutcher's amended petition. It argued that under either the original or the amended scheduling order, Crutcher did not meet the deadline for filing an amended petition. The City therefore argued that Crutcher was required to seek leave of court before amending her petition and failed to do so. Crutcher filed a motion for leave to file her amended petition.

The trial court did not expressly rule on either the motion to strike or the motion for leave. On June 8, 2022, the trial court granted the City's plea to the jurisdiction. The court ordered that "any and all causes of action . . . as stated in the Original Petition against the City of Fort Worth are therefore DISMISSED with prejudice." The order purports to dispose of all of Crutcher's claims against the City.

In this appeal, Crutcher raises five issues. She first contends the trial court erred in granting the City's plea to the jurisdiction because the additional adverse employment actions alleged in her amended petition were properly before the court. In her remaining issues, she contends she sufficiently alleged violations of the whistleblower act such that immunity was waived. She asserts she suffered four adverse personnel actions as defined by the Act, made good faith reports of the City's violations of law to appropriate law enforcement authorities, and satisfied the statutory limitations period for filing a grievance. Crutcher's first issue is dispositive of this appeal.

**Applicable Law**

The Texas Whistleblower Act, found in Chapter 554 of the government code, prohibits a state or local governmental entity from suspending, terminating the employment of, or taking other adverse personnel action against a public employee who in good faith reports a violation of the law by the employing governmental entity or another public employee to an appropriate law enforcement agency. TEX.

GOV'T CODE ANN. § 554.002(a). Under the Act, governmental immunity is waived when a public employee alleges a violation of Chapter 554. *Id.* § 554.0035; *State v. Lueck*, 290 S.W.3d 876, 878 (Tex. 2009).

Whether a plaintiff's whistleblower complaint comes within the Act's waiver of immunity may be addressed through a plea to the jurisdiction. *See Lueck*, 290 S.W.3d at 884. A plea to the jurisdiction may challenge the pleadings, the existence of jurisdictional facts, or both. *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 770 (Tex. 2018). We review a trial court's disposition of a party's plea to the jurisdiction de novo. *City of Houston v. Houston Mun. Emps. Pension Sys.*, 549 S.W.3d 566, 575 (Tex. 2018); *City of Fort Worth v. Birchett*, No. 05-20-00265-CV, 2021 WL 3234349, at *3 (Tex. App.—Dallas July 29, 2021, pet. denied) (mem. op.).

**Analysis**

In her first issue, Crutcher challenges the trial court's failure to consider the additional whistleblower allegations in her amended petition in ruling on the plea to the jurisdiction. The City responds that the original petition was the only pleading properly before the trial court. The City contends the original petition does not establish a violation of the Act and therefore immunity was not waived.

The trial court signed an order vacating the amended scheduling order on May 2, 2022. Thus, on April 23, 2022, when Crutcher electronically filed her amended petition, the amended scheduling order was still in effect. The deadline for amended

–7–

pleadings asserting new causes of action had passed. But Crutcher's amended petition was within the deadline for "[a]ll other amended pleadings."[2]

The City maintains the amended petition was untimely because it asserted new causes of action and therefore needed to be filed by September 17, 2021. Without citation to authority, it argues the whistleblower claim in the amended petition is not the same cause of action as Crutcher's original whistleblower claim. The City asserts it is "a completely different whistleblower claim based on a completely different set of facts." The City argues Crutcher was required to obtain leave of court to amend her petition, and the trial court impliedly denied Crutcher's motion for leave.

When the trial court granted the plea to the jurisdiction, it dismissed Crutcher's claims as stated in her original petition. We agree that by doing so, the trial court considered the amended petition to be untimely and impliedly denied Crutcher's motion for leave. But Crutcher did not need to seek leave to amend her whistleblower allegations. She was entitled to amend her petition by April 24, 2022 if she did not raise new causes of action. *See* TEX. R. CIV. P. 63 (any pleadings offered for filing after such time as may be ordered by judge shall be filed only after leave of judge is obtained); *Esty v. Beal Bank S.S.B.*, 298 S.W.3d 280, 296 (Tex.

---

[2] The City does not dispute that Crutcher met the scheduling order deadline for "[a]ll other amended pleadings." That deadline was April 24, 2022, which fell on a Sunday. Under Texas Rule of Civil Procedure 4, that deadline was extended to Monday April 25. *See* TEX. R. CIV. P. 4. Crutcher electronically filed her amended petition on Saturday April 23. It was thus deemed filed on Monday, April 25. *See id.* 21(f)(5)(A).

App.—Dallas 2009, no pet.) (trial court abused its discretion in striking amended petition when plaintiff was not required to seek leave to amend). The City's argument that Crutcher's amended petition raised a new whistleblower cause of action is not persuasive. Crutcher's amended whistleblower claim is not based on a completely different set of facts as the City argues. Crutcher amended her preexisting whistleblower claim to allege additional adverse personnel actions, including her termination, that occurred after she filed her lawsuit; she did not assert a new whistleblower cause of action. *See, e.g., Texas S. Univ. v. Rodriguez*, No. 14-10-01079-CV, 2011 WL 2150238, at *1 (Tex. App.—Houston [14th Dist.] June 2, 2011, no pet.) (mem. op.) (plaintiff in whistleblower case filed suit while still employed and amended her petition after she was fired).

Under the scheduling order in effect on the date the amended petition was filed, Crutcher's amended petition was timely to the extent it reasserted and amended her whistleblower claim.[3] The City filed its plea to the jurisdiction before Crutcher amended her petition. The plea therefore addressed only the allegations in the original petition. The trial court erred in determining that governmental immunity was not waived based on the allegations in Crutcher's original petition when that was no longer the live pleading. We sustain Crutcher's first issue. Because the trial

---

[3] There is no dispute that Crutcher's Texas Labor Code claim, alleged for the first time in the amended petition, was a new cause of action. Crutcher has not made any argument on appeal about that claim. Inclusion of new claims in the amended petition did not negate the timeliness of the amendments to the preexisting whistleblower claim.

court has not ruled on a plea to the jurisdiction directed at the amended petition, we need not consider Crutcher's remaining issues.

We reverse and remand for further proceedings consistent with this opinion.

220650f.p05

/Amanda L. Reichek//
AMANDA L. REICHEK
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

TRISA CRUTCHER A/K/A TRISA
ST. CLAIR, Appellant

No. 05-22-00650-CV     V.

CITY OF FORT WORTH, Appellee

On Appeal from the 193rd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-20-16941.
Opinion delivered by Justice
Reichek. Justices Partida-Kipness
and Miskel participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that appellant Trisa Crutcher a/k/a Trisa St. Clair recover her costs of this appeal from appellee the City of Fort Worth.

Judgment entered this 15th day of May 2023.